THE STEWART Co., et al. *v.* CHRISTMAS.

No. 39623          April 18, 1955          79 So. 2d 526

30

*Vardaman S. Dunn,* Jackson, for appellants.

*J. Wesley Miller,* Rolling Fork, for appellee.

ETHRIDGE, J.

The sole question in this case is whether appellee Josephine B. Christmas, who was the legal wife of Earnest Christmas when he was killed while working for appellant, The Stewart Company, on November 24, 1953, was "living with" him so as to qualify her as a dependent widow under the Workmen's Compensation Act. Code 1942, Section 6998-02(14) provides: "The term 'widow' includes the decedent's legal wife, living with him or dependent for support upon him at the time of his death, or living apart from justifiable cause, or by reason of his desertion at such time, provided, however, such separation had not existed for more than 3 years without an award for separate maintenance or alimony or the filing of a suit for separate maintenance or alimony in the proper court in this state . . ."

Our original compensation statute, Miss. Laws 1948, Ch. 354, Sec. 2(14), did not contain the "provided, however" clause. This was added by Miss. Laws 1950, Ch. 412, Sec. 2(14). The attorney-referee, who was affirmed by the commission and by the circuit court, found "that the deceased and Josephine had never separated, but that since January 4, 1951, Josephine and three of their illegitimate grandchildren lived on a farm and farmed while the deceased worked at public work and lived at different places; that the deceased visited his family from one to three times per week and contributed the major portion of his earnings to their support; that Josephine's health was bad, but that she helped the grandchildren with the farm work when she was able."

The great weight of the evidence supports this finding. The scope of this phrase, "living with," is outlined by 2 Larson, Workmen's Compensation Law (1952) Sec. 62.40, page 100, as follows: "The phrase 'living with'

has usually been given a constructive meaning going well beyond physical presence under the same roof. The wife is deemed to be living with the husband unless there has been an actual severance of marital relations so deliberate and complete that it is obvious that the wife no longer looks to the husband for support." See also 58 Am. Jur., Workmen's Compensation, Sec. 173, page 693.

26 Am. Jur., Husband and Wife, Sec. 8, page 636, contains the following apt statement defining a similar phrase: "By the matrimonial contract husband and wife are to live together. The term 'living together,' as applied to husband and wife, does not always mean a common place of living, but means living as husband and wife with voluntary recognition of the relationship, and no design or agreement to live apart with the chief end in view that of living apart free from reciprocal marital rights and duties; . . ."

The substance of the undisputed testimony of appellee and her daughter is that Earnest liked to do logging work which required him to live away from their house a good part of the time, and that he did not like farm work. In order to make a living, he worked at logging camps and other types of "public work," but he always came back home one, two or three times a week, when he would eat meals with his wife and family, visit with them, and bring them household supplies. He provided all or practically all of the support money for his wife.

Code Secs. 330 and 332 provide that a deed to a homestead is not valid unless executed by the other spouse who is "living with" the owner. Walton v. Walton, 76 Miss. 662, 25 So. 166 (1898) offers an interesting analogy to the present case. There in order to earn a living for his family, the husband went to Florida for three years. Yet it was held that he maintained his homestead rights. The Court said: "In legal contemplation the husband is living with his wife, though driven by stress of pecuniary difficulties to absent himself from wife and home in an effort to better provide for his family, and

ceases to live with the wife only when, with intention never to return, he deserts or abandons her. The agent of his country, in diplomatic service in foreign lands, the merchant, in the prosecution of his business and to better his fortune, on the islands of the sea, and the traveler for pleasure or in the interest of science in the polar regions, are each and all living with their wives and in their homes, in the meaning of our statute."

Although appellee said that she and her husband for the past several years had not had a sexual relationship in their marriage, she stated that this was because she was passing through the menopause period of life. Although that type of relationship in a marriage is usual, it is not essential to establish the requirement that the husband and wife are "living with" each other, where the other conditions and circumstances of a marriage relationship exist. The principal test is whether they were living as husband and wife with voluntary recognition of the relationship, and with no design or agreement to live apart free from reciprocal marital rights and duties. Clearly appellee comes within that definition. For that reason, we do not reach the contention made by appellants with reference to the application of the proviso clause in the statutory definition of widow.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.