LLOYD FORD COMPANY, et al. *v.* PRICE

No. 41681          February 6, 1961          126 So. 2d 529

*Watkins & Eager,* Jackson, for appellant.

*J. A. Travis, Jr., Barney E. Eaton, III,* Jackson, for appellee.

McGehee, C. J.

This is an appeal in a workmen's compensation case from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, whereby the said Court reversed the decision of the Workmen's Compensation Commission and required that the appellants, Lloyd Ford Company and its insurance carrier, Home Indemnity Company, should provide surgery for the claimant, Tommy J. Price, and pay to him temporary, total disability benefits during such time as he may be disabled to work as a result of such surgery.

The attorney referee had made an award to the claimant for temporary total disability benefits from the date of September 19, 1957 to November 28, 1957, inclusive, for an accident which allegedly arose out of and in the course of the employment of the appellee by the appellant, Lloyd Ford Company, on September 17, 1957, and which said accident the attorney referee found "was disabling for a time and from which he has reached maximum, medical benefit from conservative treatment", and had been able to return to his usual and accustomed duties without loss of actual wages on account of such accident, at the expiration of said period of temporary total disability on November 28, 1957. The attorney

referee required that "the said defendants provide surgical treatment for claimant's spondylolisthesis as provided by Section 7 of said law (Workmen's Compensation Law of 1948, as amended), and pay to said claimant compensation for temporary total disability, as provided by Section 8(b) of said law during such period of time as claimant may be disabled as a result of such surgery."

The Workmen's Compensation Commission affirmed the action of the attorney referee in his award of temporary total disability benefits for the period from September 19, 1957 to November 28, 1957, inclusive, but the majority of the Commission reversed his action in requiring the appellants to provide surgery for the claimant and to pay him compensation for temporary total disability during the period that he might be disabled as a result of such surgery, and found that the aggravation of a pre-existing injury had completely subsided on November 28, 1957, when the claimant returned to work in the performance of his regular duties with the employer; and that he had reached maximum medical recovery from conservative treatment on that date.

The appellants do not question on this appeal the propriety of the award of temporary total disability benefits for the period from September 19, 1957 to November 28, 1957, inclusive, but they challenge the right of the appellee to require them to provide surgery for him and pay to him such benefits during the period of recovery from such surgery.

Upon appeal to the Circuit Court of Hinds County the Court found as a fact from the record that "the claimant's spondylolisthesis had existed for many years." He found further that the accident of September 17, 1957 caused a flareup of the pre-existing condition, but that the claimant had suffered no permanent injury by reason of his accident on September 17; that the trouble was already there and had been permanent for many

years, but that he thought that the claimant was entitled to surgery.

It appears from this voluminous record as a whole that the claimant received a bullet wound while in combat in World War II in 1944; that he was discharged from the army in 1946 and has since that time been rated as eighty per cent disabled by the Veterans' Administration on account of said injury and has constantly since that time received a monthly allowance of $200 from the Federal Government for such eighty per cent permanent disability. He did not return to work until 1949 but his x-ray of October 10, 1947 made at the Veterans' Hospital reflected that the fourth lumbar vertebra had slipped over the fifth lumbar vertebra for a space of one centimeter. The medical testimony describes this condition as being spondylolisthesis.

In 1957, the claimant applied to the veterans' Administration for an increase of his disability rating but this application was denied. He made a similar request in 1949, again on July 5, 1950, again in May 1953, and again in 1954. In July 1955, the claimant suffered an injury to his back while lifting a transmission in an automobile. In a finding of Dr. Blake, an orthopedic surgeon of Jackson, whose various reports were introduced in evidence and made a part of the record in this case, there was reflected a finding of acute low back sprain. Dr. J. Gordon Dees saw the claimant on July 8, 1955 and diagnosed his trouble as lumbosacral strain. The x-rays at that time again reflected the spondylolisthesis and indicated that the claimant would have trouble therefrom. Again on October 16, 1956, while working for the appellant, Lloyd Ford Company, the claimant was under a truck and raised up under the truck and struck his head and suffered a back injury. A compensation claim No. 700701-804 was compromised and settled for that injury. On one or more occasions he struck his hand or foot with a hammer. Thereafter the claimant worked

for a little while elsewhere but returned to work at the Lloyd Ford Company. In the early part of 1957, and on January 29, 1957, Dr. Blake reported a fracture of the second lumbar vertebra. This report was dated February 1, 1957, and it was shown by the x-rays that he had spondylolisthesis of the fourth and fifth lumbar vertebrae.

On June 12, 1957, Dr. Dees evaluated the claimant's condition and he testified that the x-ray of that date showed the spondylolisthesis at the same place as theretofore. The claimant was also injured on October 16, 1956, but the same was not connected with this pre-existing spondylolisthesis. In regard to the spondylolisthesis, Dr. Dees was asked the following question and made the following reply:

"Q. And wasn't it your opinion then, Doctor, that he was liable to have a flare-up at any time of his spondylolisthesis, and it would take surgery to ultimately repair it?

"A. I don't think I expressed any opinion on that. However, I could say that that would be my opinion."

Thereafter on June 27, 1957, the claimant complained to Dr. Dees of a catch in the low part of his back, the catch having "started yesterday afternoon."

■■ ■ We have carefully studied this very lengthy record of testimony and voluminous briefs and we have concluded that the order of the Workmen's Compensation Commission is supported by substantial evidence and that the same should be reinstated as the judgment in this case.

While it cannot be said that this record presents no conflict in the evidence on any issue, the judgment of the Commission is, we think, supported by substantial evidence.

In the case of Malley v. Over-the-Top, 229 Miss. 347, 90 So. 2d 678, it was said, among other things, that "We hold that the Commission itself is the trier of facts and

any question of fact decided by it is conclusive on appeal if it is supported by substantial evidence."

We also think that this case in all of its material aspects is controlled by the case of Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So. 2d 674, wherein it was said, among other things, that: "The rule in this State is that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable."

In other words we are of the opinion that the Commission, as the trier of the facts, was warranted in finding from the testimony in this record as a whole that while the injury that the claimant sustained when he claims to have had a catch in his back on September 17, 1957, while undertaking with the aid of his co-worker, McLemore, had the effect of aggravating his pre-existing spondylolisthesis, that this aggravation subsided on or before November 28, 1957 and that thereafter the condition of his back remained the same as it had been since 1947; that while the medical testimony is not specific that the claimant had been for several years in need of surgery, prior to the alleged incident of September 17, 1957, the effect of the medical testimony is that the condition of the claimant's back was the same prior to September 17, 1957 as it was subsequent to November 28, 1957, when he went back to work.

Moreover, the claimant went to the Veterans' Hospital following the alleged accident of September 17, 1957, and did not report to the Veterans' Administration that he had sustained such accident. Then, too, he

made application to Blue Cross, which was payable only if his disability was not work-connected.

We think that this is a typical case for the determination of the Workmen's Compensation Commission under all of the facts and circumstances; and that the judgment of the circuit court reversing the Commission was erroneous and that the said judgment should be here reversed and the order of the Workmen's Compensation Commission reinstated in this cause.

Reversed and order of Workmen's Compensation Commission reinstated.

*Kyle, Ethridge, Gillespie,* and *McElroy, JJ.,* concur.