BOEN'S DEPENDENTS *v.* FOSTER et al.

No. 41893 June 5, 1961 130 So. 2d 877

*Arrington & Arrington,* Hazlehurst, for appellants.

*Armstrong & Hoffman,* Hazlehurst, for appellees.

RODGERS, J.

This is a Workmen's Compensation case. Frank Boen, sometimes known as Frank Bowen, was killed while engaged in the active scope of his employment, as an employee of Charles A. Foster. His death occurred on the 25th day of August 1958, at Starkville, Oktibbeha County, Mississippi. His legal widow, Lizzie Boen, and his mistress, Lula Welch Boen, both filed claims with the Workmen's Compensation Commission asking to be declared the "widow" of Frank Boen. The children of Lula Welch also filed a claim with the Commission seeking to be declared the "children" of Frank Boen. All of

these claims were instituted for the purpose of obtaining compensation benefits under the Workmen's Compensation Law as a result of the death of Frank Boen.

The attorney-referee entered an order February 24, 1960, in which he found that the dependents of Frank Boen at the date of his death were: Lizzie Boen, his widow, and the children of Lula Welch Boen, namely, Doris, Carl, Walter and Theresa Welch. The claim of Lula Welch was denied. The claimant Lizzie Boen petitioned for a review of the attorney-referee's order as to the claim of the children of Lula Welch; and the children of Lula Welch petitioned for a review of the order as to the claim of Lizzie Boen. The Commission entered an order on July 15, 1960, affirming the order of the attorney-referee. Both sides appealed to the Circuit Court of Oktibbeha County in an effort to reverse the order of the Commission. The circuit judge entered an order on November 22, 1960, affirming the order of the Commission insofar as it affected Lizzie Boen, but reversed the order of the Commission insofar as it made an award to the children of Lula Welch, and entered an order denying their claim.

The issue presented here, therefore, is the identity of the dependents of Frank Boen under the Mississippi Workmen's Compensation Act.

The appellate court is favored, in this case, with a record developing the facts in detail, including many exhibits of deeds, receipts, homestead exemption certificates, credit card, marriage license, divorce proceedings including the evidence, and many other helpful and pertinent bits of evidence indicating a very thorough preparation for the trial of the issue involved in this case. A fair synopsis of the facts developed are as follows: Lizzie and Frank Boen were married on the 8th day of August 1935 in a ceremonial marriage. It was discovered that Frank had been previously married to one Mary Jenkins. Frank Boen then obtained a divorce

from Mary Jenkins October 4, 1949, and on the 1st day of March 1951 Frank and Lizzie Boen were again married. They had no children. Without detailing the various divorce proceedings had between these people, the record indicates that Lizzie and Frank Boen separated August 22, 1951.

The testimony overwhelmingly sustains the claim of Lula Welch that Frank Boen not only took up residence with her and that she was his mistress, but that he supported her children and claimed them in his income tax returns as dependents.

The pertinent part of the Mississippi Workmen's Compensation Law with reference to dependent children is as follows: " 'Child' shall include * * * a child in relation to whom the deceased employee stood in the place of a parent for at least one year prior to the time of injury, and a stepchild or acknowledged illegitimate child dependent upon the deceased * * *" Miss. Code 1942, Sec. 6998-02 (12), Recompiled.

 Under the terms of the above-mentioned statute, it is clear that a dependent child is entitled to workmen's compensation where the deceased employee stands in the place of a parent for at least one year prior to the time of injury. This Court has held that the purpose of the Workmen's Compensation Act is to relieve society of the burden of supporting in orphanages or public almshouses helpless children who have been left without means of support because of the death of the wage earners who have lost their lives in industrial accident; and the benefits of the Act are not limited to children begotten in wedlock. Stanley v. McLendon, 220 Miss. 192, 70 So. 2d 323. The Learned circuit judge, in denying the claim of the children of Lula Welch, based his opinion on the fact that these children had living parents and that their parents were required under the law to support the claimants. We cannot, however, accept this thesis because; there are many help-

less children who are now being supported by volunteers for the reason that the parents are either unable to support their children or do not recognize their legal and moral obligation to take care of their offspring. The order of the circuit court was therefore erroneous insofar as it denied the claim of the children of Lula Welch.

The claim of Lizzie Boen that she is the dependent widow of deceased is not as clearly established as the claim of the dependent children. The pertinent part of the Workmen's Compensation Law, with reference to a dependent widow is as follows: "The term 'widow' includes the decedent's legal wife, living with him or dependent for support upon him at the time of his death, or living apart for justifiable cause, or by reason of his desertion at such time, provided, however, such separation had not existed for more than three (3) years without an award for separate maintenance or alimony or the filing of a suit for separate maintenance or alimony in the proper court in this state." Miss. Code 1942, Sec. 6998-02 (14), Recompiled.

The testimony fairly shows that Lizzie Boen was the lawful wife of the deceased Frank Boen at the time of his death, and that they had been separated and suit for divorce had been filed twice, and although a motion for support had been requested, none had been allowed. There is considerable testimony, however, that there had been a reconciliation in February 1958, after the order on the motion had been entered, and that Frank Boen had been living with and supporting Lizzie to some extent after the reconciliation and up to the time of his death.

■■ ■ The weight of authority is to the effect that a wife is deemed to be living with her husband unless there has been an actual severance of marital relations so deliberate and complete that it is obvious that the wife no longer looks to the husband for support. See 2 Larson, Workmen's Compensation Law, p. 100; 58

Am. Jur. 692; 26 Am. Jur. 636; The Stewart Company, et al. v. Christmas, 224 Miss. 29, 79 So. 526; Watson v. National Burial Association, Inc., et al., 234 Miss. 749, 107 So. 2d 739; Bolton v. Easterling, 232 Miss. 236, 98 So. 2d 658. On the other hand, when the wife has left the husband and is not living with him, she is not entitled to the benefits of workmen's compensation. United Timber & Lumber Company v. Alleged Dependents of Hill, 226 Miss. 540, 84 So. 2d 921; Pathfinder Coach Division of Superior Coach Corporation, et al. v. Cottrell, et al., 216 Miss. 358, 62 So. 2d 383.

The decree of the Chancellor of Copiah County in the divorce suit between Frank and Lizzie Boen recognized that Lizzie was entitled to support from her husband Frank, and this suit was pending at the time of his death and was not dismissed until after his death. Lizzie Boen offered testimony to show by her own evidence, and testimony of neighbors, that there had been a reconciliation after the date of the decree of the Chancery Court of Copiah County in the suit filed by Frank Boen. We are of the opinion that there is substantial testimony in the record on which the Commission could have based its finding that there had been a reconciliation, and that Lizzie Boen was entitled to benefits as the "widow" of Frank Boen. The Workmen's Compensation Commission is the trier of fact, and where there is substantial evidence to support the order of the Commission as to its finding of fact, this Court will respect its order and affirm its finding.

See Lloyd Ford Co., et al. v. Tommy J. Price, 240 Miss. 250, 126 So. 2d 529; Capital Broadcasting Company v. Wilkerson, 240 Miss. 64, 126 So. 2d 242.

We are of the opinion that there is sufficient testimony in this case on which to base a finding of fact that Lizzie Boen was the "widow" of Frank Boen at the time of his death within the meaning of the Mississippi Workmen's Compensation Law.

The judgment of the circuit court will therefore be affirmed insofar as it affirms the order of the Commission allowing the claim of Lizzie Boen; but the circuit court is hereby reversed insofar as it denies the claim of the children of Lula Welch; and the order of the Commission allowing the claims of Lizzie Boen, as the widow of Frank Boen, and the claims of the Welch children as the dependent children of Frank Boen within the meaning of the Workmen's Compensation Law is hereby reinstated.

The motion of the attorney for the appellant, children of Lula Welch, for allowance of 33⅓% attorney's fee will be sustained; and the motion of the attorney for Lizzie Boen asking that their contract of 33⅓% with his client be allowed is hereby sustained and allowed; and interest of 6% on all benefits due to the claimants from the defendant Charles A. Foster and his insurance carrier, United States Fidelity & Guaranty Company, is hereby fixed to begin after the respective due dates of each payment. This case is therefore remanded to the Workmen's Compensation Commission, and its former order is hereby reinstated.

Affirmed in part, reversed in part, and remanded with directions.

*McGehee, C.J.,* and *Ethridge, Gillespie* and *Jones, JJ.,* concur.