M. T. Reed Construction Company, et al. v. Garrett

No. 43078          May 25, 1964          164 So. 2d 476

*Cox, Dunn & Clark,* Jackson, for appellant.

*J. A. Travis, Jr.,* Jackson, for appellee.

ETHRIDGE, J.

This workmen's compensation case involves essentially the question of whether the rule applied in Rathborne, Hair & Ridgeway Box Company v. Green, 237 Miss. 588, 115 So. 2d 674 (1959), is applicable. When a preexisting disease or infirmity of an employee is aggravated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. *Rathborne* then stated:

"A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable."

In short, the question is whether the Workmen's Compensation Commission was manifestly wrong in finding that the effects of the injury to Claude Garrett, appellee, had subsided, and his injury no longer combined with his preexisting coronary artery disease to produce the disability. We hold that the Commission was manifestly wrong in so deciding. It held the aggravation from the injury of August 16, 1960 was merely temporary in nature, and not permanent, and his disability subsequent to the injury did not constitute a combination of the preexisting disease with the effects of the injury.

After a lengthy hearing, the attorney referee held that claimant's preexisting condition (coronary artery disease) materially contributed to his present disability, and his work-connected injury of 1960 also contributed to it; that he now has a fifty percent permanent, partial disability, and one-half of that is attributable to his pre-existing condition. Hence the attorney referee, after allowing temporary total disability benefits, awarded permanent partial disability benefits based on that finding. Garrett's employer, M. T. Reed Construction Com-

pany, and its insurance carrier, the appellants, appealed to the Commission. It held that the aggravation of the preexisting condition was only temporary and transient in nature, and claimant had returned "to the same condition relative to his heart as existed prior to the day on which the condition was aggravated." Hence the Commission only allowed temporary total disability benefits. It disallowed any permanent partial. The Circuit Court of Hinds County (First District) reversed the Commission and reinstated the attorney referee's award. It correctly stated that claimant had a preexisting disease, "but was able to fully perform his normal duties until the time of the accident," and was partially disabled to do so after the injury. In 1956 Garrett had what his then attending physician, Dr. Melvin, diagnosed as "esophogeal spasm" with a possibility of angina pectoris. He recovered from that illness, and until the work-connected injury of August 16, 1960, he worked regularly and effectively, although he had some difficulty and consulted a doctor a few times. Subsequent to the 1960 injury he was unable to do any substantial work.

From a careful consideration of the record, it is manifest the judgment of the circuit court should be affirmed. It is undisputed that from 1956 to August 16, 1960 Garrett worked regularly and effectively at his job as a carpenter, doing heavy work. On the latter date, while working, he experienced pains in his chest and arms. He was referred to Dr. Rosenblatt, a cardiologist, who concluded he was suffering from arteriosclerotic heart disease, angina pectoris, and coronary artery insufficiency, but that he had no acute myocardial infarction. On the other hand, two specialists who testified for claimant thought that he had both coronary artery disease and a healed myocardial infarction from the 1960 episode. All of the doctors agreed that claimant's work activities on the date in question brought on the symptoms for which he was hospitalized.

Contrary to the other two doctors, Rosenblatt was of the opinion that the aggravation was temporary, and Garrett's heart had returned to the condition it was in before the 1960 injury. Yet claimant was 100% disabled for his regular work. Dr. Rosenblatt did not have any information as to Garrett's work activities between the 1956 episode and that of 1960. Yet even though he worked regularly before August 1960, Dr. Rosenblatt said Garrett nevertheless was 100% disabled before that date; and the fact that he had worked regularly did not affect his conclusion.

In many instances, as here, there may be a distinction between medical and functional disability. Dr. Rosenblatt's conclusion that claimant was wholly disabled in a medical sense before his 1960 injury does not affect the undisputed controlling fact that, functionally, claimant worked as a carpenter effectively and with only infrequent discomfort before his injury of 1960. During this period he earned wages, engaged in the strenuous exertions of his job, and supported his family. After the 1960 injury he was disabled from performing a similar type of work. Moreover, all of the doctors agreed that the injury caused the disability immediately following it and Garrett is presently disabled. Only Rosenblatt thought the aggravation had subsided completely. Yet the overwhelming evidence is to the contrary, including that of two other specialists, indefiniteness of laboratory and other tests, and the plain fact of functional disability after the injury with none before, although the same coronary artery disease existed both before and after.

This is not *post hoc* reasoning, but consideration of all of these stated factors in the light of the legislative intent and the *Rathborne* rule. The latter does not apply under these circumstances, where there is only slight evidence of a temporary aggravation, and the great weight of the evidence indicates a permanent

aggravation of the preexisting disease. The legal effect of the evidence and the ultimate conclusions drawn by the commission from the facts "are questions of law, especially where facts are undisputed or overwhelming evidence reflects them." Central Elec. Power Assn. v. Hicks, 236 Miss. 378, 388-389, 110 So. 2d 351 (1959).

The Commission manifestly erred in holding that the aggravation was temporary and not permanent. Ed Bush Sandwich Shop v. Strauss, 243 Miss. 507, 138 So. 2d 741 (1962), is not factually relevant. Other cases considering the *Rathborne* rule are also factually dissimilar. Lloyd Ford Co. v. Price, 240 Miss. 250, 126 So. 2d 529 (1961); Malone v. Ingalls Shipbuilding Corp., 240 Miss. 319, 127 So. 2d 403 (1961); International Paper Co. v. Wilson, 243 Miss. 659, 139 So. 2d 644 (1962). As in the instant case, causal connection between the injury and disability also was shown in Potts v. Lowery, 242 Miss. 300, 311, 134 So. 2d 474 (1961).

Affirmed.

*Kyle, P. J., and Rodgers, Brady and Patterson, JJ.,* concur.