## TODD *v.* POTTS GIN COMPANY, et al.

No. 43240 December 7, 1964 169 So. 2d 442

*J. A. Phillips,* Macon, for appellant.

*Threadgill & Hicks,* Columbus, for appellees.

GILLESPIE, J.

The appellant was claimant in a workmen's compensation case. Temporary and total benefits were sought on the ground that claimant suffered a heart attack which arose out of and in the course of his employment. The attorney-referee awarded temporary compensation and medical benefits but denied permanent benefits. This award was affirmed by the Commission and the circuit court. Claimant appealed to this Court.

Claimant was 57 years old at the time of the episode involved in this case and weighed 255 pounds. He was a veteran of World War II and had a service-connected disability based on a heart condition. On September 3, 1962, he was an employee of the Potts Gin Company, appellee herein. His duties consisted of weighing cotton and cottonseed, writing gin tickets, making the calculations with reference to the weight of cotton bales, taking samples of the cotton, and similar duties. The day in question was an unusually busy one. He started to work at 5:30 A.M., and was wet with perspiration by 9 o'clock. About 2:30 P.M. he began having pains in his chest. About an hour and a half later he told the gin owner that he needed relief and felt like he was having a heart attack. He was then relieved and claimant drove a

distance of four and a half miles to his home. His wife called Dr. P. H. Gill of Macon, who came within about ten minutes and sent claimant to the hospital.

He was placed under an oxygen tent for seventy-two hours and given medication by Dr. Gill. He stayed in the hospital at Macon from September 3 until September 14, 1962, at which time he was transferred to the Veterans Hospital in Jackson, where he remained until October 10, 1962.

Claimant testified that since the episode on September 3, 1962, he had experienced a great amount of shortness of breath and pain in his chest. On January 25, 1963, he blacked out and Dr. Gill advised him to quit work and not drive an automobile. Claimant had been working as a constable or deputy sheriff at the same time that he was doing seasonal work at his employer's gin, but gave up the work of deputy sheriff on December 15, 1962, and was running for justice of the peace at the time of the hearing on April 3, 1963. He had worked about four weeks at the gin after his heart attack.

Dr. P. H. Gill, a general practitioner, testified that he treated the claimant as an acute coronary thrombosis patient beginning September 3, 1962. He stated that he felt claimant suffered from a coronary thrombosis which was a little more severe than a coronary insufficiency. He stated that he took three electrocardiagrams — on September 3, 4 and 6 — but was not able to definitely prove that claimant suffered from a coronary thrombosis. Dr. Gill was of the opinion that claimant had been totally disabled from September 3, 1962.

A letter signed by Dr. Robert Tyson, consisting of a narrative summary of the clinical record of claimant by the Veterans Administration Hospital at Jackson, Mississippi, was introduced in evidence. The diagnosis was (1) arterosclerotic heart disease with coronary insufficiency and angina pectoris and (2) obesity. This re-

port showed that all of the electrocardiagrams were within normal limits.

Dr. William H. Rosenblatt, specialist in cardiovascular diseases, testified that Dr. Gill had sent him the three electrocardiagrams made in September 1962 and these were within the limits of normal and showed no evidence of myocardial infarction or heart attack on any one of the three tracings. Dr. Rosenblatt also examined electrocardiagrams made at the Veterans Administration Hospital on September 14 and 17 and 28, 1962. All of these were within normal limits. In all, six electrocardiagrams were examined, all of which were within normal limits. Dr. Rosenblatt was of the opinion that claimant had an attack of acute coronary artery insufficiency, or angina pectoris, on September 3, 1962, while at work, and that there was no permanent damage or residual damage to his heart. It was also his opinion that claimant had extensive preexisting disease to his coronary arteries and he recommended that he not go back to the same job or any job requiring lifting, straining, or where he would be under a lot of pressure. He could do sedentary light work. He was of the opinion that the progress of claimant's heart disease got to the point where he could not do the kind of work he had been doing at the gin, but that the work did not produce the disease; the disease had progressed to the point where heavy work or work under pressure would produce the symptoms complained of on September 3rd.

The sole question in this case is whether there was substantial evidence to support the Commission's denial of permanent benefits. In this connection, claimant relies on the case of Reed Construction Co. v. Garrett, 249 Miss. 892, 164 So. 2d 476. We have carefully considered that case in the light of the testimony before the Commission in the present case and are of the opinion that it is not in point. In that case, the issue was the same as in the present case, and this Court

found that the overwhelming weight of the testimony was that the aggravation of Garrett's pre-existing heart condition had not subsided. An important aspect of that conclusion was the indefiniteness of the laboratory and other tests. In the present case the electrocardiagrams confirm the opinion that the claimant suffered no coronary thrombosis, or myocardian infarction. In other words, there was no permanent damage done by the episode of September 3, 1962. Moreover, in the present case the evidence is practically without dispute that claimant did not suffer a heart attack but that the episode consisted of an acute coronary artery insufficiency, a temporary condition. Claimant could not do the type of work he was doing on September 3, 1962, and there was substantial evidence that the reason for this was that the progress of his pre-existing disease had reached a point where he could not engage in activity involving the stress under which he worked on that day.

 █ We are, therefore, of the opinion that there was substantial evidence that the effects of the injury sustained by claimant on September 3 were temporary and had fully subsided and thereafter no longer combined with the pre-existing disease to produce disability, and any subsequent disability was attributable solely to the disease itself. Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So. 2d 674 (1959).

Affirmed.

*Lee, C. J., and Ethridge, McElroy and Brady, JJ.,* concur.