INZER, Justice.
This is an appeal by Southern Auto Company, Inc. and United States Fidelity & Guaranty Company from a judgment of the Circuit Court of Jones County, wherein that court affirmed an order of the Workmen’s Compensation Commission ordering appellants to pay for certain drugs prescribed for appellee-claimant, Leon Bergin, as a result of a heart injury incurred in the course and scope of his employment.
*880 Claimant suffered an accidental injury in the scope and course of his employment in 1959. He was paid temporary total benefits from October 1, 1959, to January 21, 1960, and permanent partial disability with a decrease of earning capacity of fifty per cent of the body as a whole after that date. The order directing the payment was affirmed by the Circuit Court of Jones County, and no appeal was taken from that judgment. The order of the Commission directed the payment of medical and drug bills.
On January 14, 1965, claimant filed a motion before the Workmen’s Compensation Commission to require the payment of $431.36 for drugs furnished him by Odom Drug Company. A hearing was had on the motion, and the attorney-referee found that the employer-carrier was liable for the drugs furnished, except for seven prescriptions which had no connection with his injury. The attorney-referee found that with the exception of these seven prescriptions, the drugs were a necessary part of claimant’s treatment for his injury on October 1, 1959. Upon review by the full Commission, the findings and order of the attorney-referee were affirmed, and the circuit court affirmed the order of the Commission.
Appellants urge that the circuit court was in error in affirming the order of the Commission which found that the drugs were necessary medical benefits as a part of claimant’s treatment and that this finding is against the overwhelming weight of the evidence, is not supported by any substantial evidence, and is contrary to law.
The furnishing of medical services and supplies is controlled by Mississippi Code Annotated section 6998-08 (1952). The pertinent part of that statute is as follows:
(a) The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus, for such period as the nature of the injury or the process of recovery may require. (Emphasis added.)
The fact that the maximum time for payment of weekly compensation benefits to claimant has expired does not affect the right of claimant to future medical benefits. Moon & Sons v. Hood, 244 Miss. 564, 144 So.2d 782 (1962).
The record reflects that claimant suffered a myocardial infarction on October 1, 1959, in the scope and course of his employment, which resulted in the permanent partial disability. Doctor R. L. Alexander, Jr. has treated claimant since that date, and he prescribed the drugs here in question; they are librium and lufa. Librium is a tranquilizer, and lufa is used to keep down a high cholesterol blood level. While the testimony of Dr. Alexander is not entirely clear, it may be fairly interpreted as showing that the myocardial infarction has healed leaving scar tissues and that the librium and lufa are necessary to reduce the chances of claimant’s having another heart attack. The purpose of librium is to keep claimant calm and to control his tension and anxiety. When asked about the librium, Dr. Alexander said:
Mr. Bergin is a tense, high-strung personality. We well know that people who have a short fuse and who tend to get excited very quickly, have a low threshold for emotional stimulation, can bring on heart pain, stomach ulcers, migraine headaches, what-have-you, which is certainly correlated to the fact that we need to do all we can to keep him calm and relaxed since he has had one heart attack. If I could keep him emotionally relaxed and stable, that would be a preventive in the fact that the emotional incidents, whatever they might be, would tend to be negated by him having the second heart attack.
He further testified that a high cholesterol blood level is an hereditary condition and that claimant probably had this condition before his heart attack, but the *881 doctor did not know this of his own knowledge because he had not taken a cholesterol blood level prior to the heart attack. The purpose of lufa is to keep the cholesterol thin so that it will not form plaques in the blood vessels. Doctor Alexander was asked if claimant’s having had the heart attack caused him to prescribe the lufa, and he said:
That it was the only reason, because he had the heart attack. Then he, of all the people that have the trouble, the person who has had an infarction, they’re the first candidates to take such a drug.
The principal thrust of appellants’ argument is that claimant had a basic congenital condition and his work aggravated that condition; that he has now completely recovered from the injury and is now in the same condition that he was prior to the injury; and that for this reason, he is not entitled to medical benefits for a basic congenital condition. The evidence in the record does not support this contention. Whatever the condition of claimant’s heart might have been before the injury, it is certain that it is not the same now as it was before the injury. There is no doubt about the heart attack, and although the infarction has healed, it has left scar tissues that weaken the heart.
Doctor Alexander testified that in his opinion neither claimant nor anyone else who has had a proven heart attack should do manual labor. Unfortunately, there are men who, like the claimant, must do manual labor in order to earn a livelihood. Under these circumstances, all that medical science can do is to prescribe medication to try to prevent another heart attack. This is what Dr. Alexander is doing in this case. The furnishing of these drugs is a part of the rehabilitation of claimant so that he may work. Section 6998-08 specifically provides that the employer shall furnish such drugs for such period as the nature ef the injury or the process of recovery may require.
In his opinion in which he affirmed the order of the Commission, the circuit judge said:
While it is true that the initial injury was a heart attach (sic) and that the doctor said he is well from the first heart attack, in view of the fact that the original finding gave him a fifty percent disability, there is no evidence that he is well from this disability. The Referee Attorney had grounds to believe from the testimony that the medication related to the disability. It is necessary to examine the original record in order to fully understand the present condition of the plaintiff. When this is done, and taking into consideration the doctor’s testimony in this case as to the reason for the prescriptions, the Court is of the opinion that the Referee Attorney had substantial evidence to support his finding.
We hold, as did the circuit judge, that there is substantial evidence to support the order of the Commission.
Therefore, this case must be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and PATTERSON, JJ., concur.