ROBERTSON, Justice:
The Circuit Court of Adams County affirmed an Order of the Workmen’s Compensation Commission requiring International Paper Company and Maryland Casualty Company to pay $767.87 of the claim of Sanford Evans for prescription drugs and laboratory work incurred since February 11, 1970. International and Maryland appeal.
They contend that the prescribing of these drugs and the performing of the laboratory work were not in any wise causally related to the original cerebrovascular ac *13 cident (stroke) which occurred on April 29, 1953, while Sanford was working for International.
Dr. Jerry W. lies, a general practitioner, and Dr. G. Swink Hicks, a physician and surgeon, both of Natchez, Mississippi, were called as witnesses by the claimant, and Dr. F. Earl Fyke, Jr., an internist and cardiologist of Jackson, was called as a witness by International. The testimony of all three doctors was that there was no causal relationship between Evans’ subsequent diseases and illnesses beginning in 1966 and his stroke which occurred in 1953. All three doctors were of the opinion that Evans’ subsequent medical troubles were related to his pre-existing peripheral vascular disease (atherosclerosis), which was first diagnosed in 1949. All doctors termed this a progressive disease. Dr. lies, who had treated Evans since 1966, testified that none of the drugs which he had prescribed for Evans were related to his stroke with the possible exception of Cyclospasmol, which Evans had been taking for some time. In 1966 Evans had suffered a thrombosis of the mesenteric vein which caused a gangrenous condition in his small intestine. Dr. Hicks operated and removed about six feet of his small intestine. In 1968 he was again operated on by Dr. Hicks to repair an incisional hernia at the site of the previous operation.
In April, 1969, he developed a pulmonary embolism. All of these later troubles were related to his pre-existing peripheral vascular disease, atherosclerosis, which progresses inexorably, according to all three doctors, no matter what a person does.
The rule which must be applied in this case was well stated in Reed Construction Co. v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964):
“[Wjhen the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable.” 249 Miss, at 894, 164 So.2d at 477.
The testimony was overwhelming that Evans’ subsequent disabilities were causally related to his pre-existing peripheral vascular disease of atherosclerosis, but were not causally related to his stroke in 1953.
The finding of the Workmen’s Compensation Commission that his subsequent disabilities were causally related to his 1953 stroke, which finding was affirmed by the Circuit Court, is not supported by substantial evidence. In fact, it is not supported by any medical evidence, except as to Cyclospasmol, which Dr. lies testified was a drug or medicine that he had experimentally prescribed, so the judgment of the Circuit* Court, affirming the order of the Workmen’s Compensation Commission, which had ordered the payment of most of the prescribed drugs, must be reversed, except as to Cyclospasmol.
Another item of the detailed claim that the Commission ordered paid was the $100.00 fee for the claimant’s two medical witnesses. International and Maryland contend that there was no statutory authority for this action by the Commission.
Mississippi Code Annotated Section 71-3-57 (1972) grants broad powers to the Commission to regulate procedures related to witnesses:
“The Commission shall regulate by rules published and available to the parties, the summoning, attendance, use and compensation of witnesses, and determine the qualifications of specialists and their scale of fees as expert witnesses.”
(Emphasis added).
We can not say that the Commission abused its discretion in allowing this $100.-00 item for the medical witnesses called by the claimant.
The judgment of the circuit court, affirming the order of the Workmen’s Compensation Commission ordering the payment of charges for Cyclospasmol and the *14 $100.00 fee for claimant’s medical witnesses, is affirmed; but the judgment of the circuit court, affirming the allowance by the Commission of Evans’ claim for all other prescription drugs and laboratory work, is reversed.
Judgment is, therefore, rendered here for $167.20 ($100.00 fee for claimant’s two medical witnesses and $67.20 for eight prescriptions of Cyclospasmol).
Affirmed in part, reversed in part, and rendered.
GILLESPIE, C. J., and PATTERSON, SMITH and SUGG, JJ., concur.