McRAE, Justice,
for the Court:
I.
This is a workers’ compensation case which is on appeal from the Circuit Court of Simpson County. The central issue involved is whether there was a sufficient causal link between the subsequent treatment for claimant’s hypertension and his employment-related condition to warrant a continuing obligation on the former employer/carrier to provide follow-up medical treatment. Although this is a close call, we find that the record supports, by substantial evidence, the findings of the Mississippi Workers’ Compensation Commission that the condition was work-related, thus obliging the employer to pay for medical expenses incurred by the claimant for periodic check-ups as ordered by his treating physician. The Circuit Court rejected that view, stating that there was not sufficient evidence to link the medical bills submitted by the claimant with his former employment. We reverse and reinstate the order of the Commission.
II.
A.
Robert Berry was employed by the Universal Manufacturing Company from 1974 through 1982. During 1975, Berry began to experience tension, anxiety and stomach problems. His treating physician, Dr. William G. Munn diagnosed Berry’s condition as hypertension. In 1981, finding that Berry’s hypertension was greatly aggravated by job-related stress, Dr. Munn recommended that the claimant take a medical leave of absence. Berry then took a leave of absence without pay from June, 1981, until July 12, 1982. When he attempted to go back to work on or about July 12, 1982, he learned that he had been fired on June 12, 1982. Berry remained under the care of Dr. Munn, who had instructed him to schedule an office visit every six months to monitor his hypertension. On June 20, 1986, and again on August 13, 1987, Munn treated Berry but the employer/carrier has refused to pay the charges for these two office visits.
B.
Berry initially filed a workers’ compensation claim on March 30, 1984. The Administrative Judge’s order awarded him temporary total disability benefits in the amount of $98.00 per week between June 12, 1981, and July 1, 1982, and directed Universal to provide all medical treatment thereafter necessary for Berry’s hypertension. The Commission affirmed the administrative order on January 9, 1985. On appeal, the Circuit Court of Simpson County affirmed the Commission’s order on October 4, 1985.
Berry filed a petition to reopen the case on January 25, 1988, after the employer/carrier refused to pay bills submitted for office visits to Dr. Munn on January 20, 1986 and August 13, 1987. On May 9, 1988, the Administrative Judge ordered the employer/carrier to continue to provide medical benefits including treatment for hypertension as directed by Dr. Munn. On appeal, the Commission affirmed the Administrative Judge’s order compelling payment of medical expenses. On further appeal, the Simpson County Circuit Court, *625 reversed the Commission’s order, rejecting the findings of the Commission and the Administrative Judge that there was substantial evidence linking Berry’s medical bills for treatment of hypertension with his former employment at the Universal Manufacturing Company.
III.
In Walker Manufacturing Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991), this Court addressed Miss.Code Ann. § 71-3-51 (1972) and repeated that “the Circuit Courts must defer in their review to the findings of the Commission.” Fought v. Stuart C. Irby Co. 523 So.2d 314, 317 (Miss.1988); Champion Cable Construction Co. v. Monts, 511 So.2d 924, 927 (Miss.1987) Judicial review of administrative agency decisions is limited; “the courts may interfere only where the agency action is seen arbitrary or capricious.” Id. See, e.g. Citizens Involved Voluntarily in Consolidation (CIVIC) v. Wayne County Board of Education, 574 So.2d 619, 622 (Miss.1990); Gill v. Mississippi Department of Wildlife Conservation, 574 So.2d 586, 591 (Miss.1990).
The Commission’s determination of the compensability of Berry’s subsequent treatment for hypertension turns on whether the claimant’s disease or injury involves a pre-existing condition. Here the parties are in dispute.
In rendering its opinion, the Commission relied upon Southern Auto Co. v. Bergin, 187 So.2d 879 (Miss.1966) wherein the claimant suffered a heart attack on the job and was awarded temporary total and permanent partial disability benefits. Subsequently, Bergin filed a motion before the Commission requesting payment for his medication. Id. The referee ordered payment for certain drugs which were a necessary part of claimant’s treatment for his on the job injury. Id. After review the full Commission affirmed. Id. On appeal, the employer argued that Bergin’s illness arose from a congenital condition and thus subsequent treatment was not compensable. The Circuit Court affirmed the Commission’s findings and stated that “[t]he Referee Attorney had grounds to believe from the testimony that the medication related to the disability.” Id. In affirming the Circuit Court’s decision, this Court found that there was substantial evidence to support the Commission’s findings.
Although Bergin may be distinguished from the ease sub judice because the Commission granted Bergin both temporary total and permanent partial disability benefits whereas Berry had been awarded only temporary total disability benefits, the Court in Bergin stated that “[t]he fact that maximum time for payment of weekly compensation of benefits to claimant has expired does not affect the right of claimant to future medical benefits.” Id. at 880; Moon & Sons v. Hood, 244 Miss. 564, 144 So.2d 782 (1962).
Appellee asserts that Berry’s compensa-ble injury was an aggravation of a preexisting hypertensive condition, and thus the Commission’s reliance on Bergin was misplaced. It is thus contended that the rule of Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So.2d 674 (1959) should control the case at bar. On appeal, this Court stated that:
[Wjhen a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable.
Id. 115 So.2d at 676 (emphasis added).
Appellee argues that Rathborne is applicable because there is no finding of fact that Berry’s hypertension was initially caused by his work at Universal. The Administrative Judge, at the initial compensation hearing, however, found that Berry had suffered from hypertension since January, 1975. In the Order Compelling Pay *626 ment of Medical Expenses, the Administrative Judge stated, therefore, that the issue of whether Berry’s hypertension was work related was res judicata.
In a workers’ compensation case where there is a question of the sufficiency of the evidence, this Court has held that any doubts should be resolved in favor of the claimant. Barham v. Klumb Forest Products Center, Inc., 453 So.2d 1300, 1303 (Miss.1984); In Barham, this Court reversed the findings of the Commission when it limited an award of temporary total disability which was solely the result of a pre-existing disease. Addressing the Rathbome rule, we stated:
In the instant case ... the claimant had no history of functional disability prior to the incident at work. It is not disputed that following that incident the claimant has suffered a continuing disability. [T]he legal effect of this evidence and the ultimate conclusions to be drawn therefrom are questions of law. We hold that the Commission was manifestly wrong in finding that Barham’s present permanent disability is entirely due to his pre-existing disease. [W]e recognize that the facts presented make this a very close case. As we have frequently stated, in doubtful cases the doubt should be resolved in favor of compensation so that the purpose of the Workmen’s Compensation Act may be carried out.
(emphasis added) Barham, 453 So.2d 1300, 1303-04 (citing M.T. Reed Construction Co., v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964) and Youngblood v. Ralph M. Parsons Co., 260 So.2d 188 (Miss.1972)).
We find that the Commission’s determination that Dr. Munn’s treatments were causally related to Berry’s work-related hypertension to be supported by substantial evidence. International Paper Co. v. Evans, 293 So.2d 12, 13 (Miss.1974). Berry began to experience tension, anxiety and stomach problems, which Dr. Munn diagnosed as hypertension, during the time he worked at Universal. Additionally, Dr. Munn concluded that Berry’s job caused him to experience significant stress which aggravated his hypertensive condition so as to require him to take a medical leave of absence in 1981. On October 4, 1986, Dr. Munn wrote Patsy Wrenne, a claims specialist with the carrier to confirm that the medical expenses were connected to Berry’s hypertension injury. On October 9, 1987, Dr. Munn submitted a letter to Berry’s counsel and again stated that Berry’s treatments were for essential hypertension and described it as “a stress related hypertension that was aggravated by his work situation.” He further stated that it was necessary that Berry be checked at least every six months for his hypertension. On December, 15, 1987, Dr. Munn wrote Berry’s counsel, stating that Berry “developed his hypertension during the time he was working. I don’t think you can separate his hypertension from stress in the workplace. Hypertension is a lifetime deal. You have to monitor the situation and treat it as indicated.”
In considering Berry's claim for reimbursement of his medical expenses, we are reminded that any “doubts should be resolved in favor of the finding of compensa-bility to the end that the beneficent purposes of the Workers’ Compensation Act may be carried out.” South Central Bell Telephone Co. v. Aden, 474 So.2d 584, 590 (Miss.1985). Further, we find that there is substantial evidence to support the Commission’s finding of a causal relationship between the expenses incurred in follow-through treatment and the work-related hypertension Berry suffered. Therefore, as we reiterated in Walker Manufacturing v. Cantrell, 577 So.2d 1243 (Miss.1991), the Circuit Court must defer to the Commission’s findings. Accordingly, we reverse the Circuit Court and reinstate the order of the Commission compelling payment of Berry’s medical expenses.
REVERSED AND ORDER OF WORKERS’ COMPENSATION COMMISSION REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.