In the Matter of the Estate of DONOVAN M. RIEGER, Deceased. IROQUOIS COUNCIL BOY SCOUTS OF AMERICA, INC., et al., Respondents; ELIZABETH J. WASHBON, Individually and as Executrix of DONOVAN M. RIEGER, Deceased, Appellant.

Third Department, December 29, 1977

**APPEARANCES OF COUNSEL**

*Frederick C. Kronmiller* for appellant.

*Kiley, Feldmann, Whalen, Devine, Zeller & Patane (Dennis H. Cleary* of counsel), for Iroquois Council Boy Scouts of America, Inc., and others, respondents.

*Louis J. Lefkowitz, Attorney-General (Robert J. Task* and

*Samuel A. Hirshowitz* of counsel), for ultimate charitable beneficiaries, respondents.

## OPINION OF THE COURT

GREENBLOTT, J.

Donovan M. Rieger died on February 21, 1972. His will, duly probated, provides in pertinent part: "I give, devise and bequeath to the Girl Scouts Organization and the Boy Scouts Organization in Madison County, my real property in the Town of Nelson, situate on Route No. 20 * * * together with the buildings thereon, to be retained and used by the Girl and Boy Scouts of the County of Madison for the purposes of their organizations, and that a suitable plaque be placed in memory of my wife and myself."

Petitioners operate scouting programs in the region, each petitioner's bailiwick including part of Madison County. In an earlier construction proceeding, not subject to challenge on this appeal, the Surrogate's Court determined that petitioners were the proper beneficiaries under the disputed provision of the will. The decree granted each petitioner a certain percentage interest in the land.

Petitioners jointly petitioned the Surrogate to permit sale of the land, the proceeds to be used to promote the general purposes of the Boy Scouts and Girl Scouts. The petition rested upon "a comprehensive analysis of the suitability of the subject property as a campground" which showed that it was not suited to that purpose, and upon petitioners' allegation that they have ample camping facilities. The petition also proposed that memorial plaques be placed on other property owned by petitioners.

The Attorney-General, appearing pursuant to EPTL 8-1.4, approved the proposed sale, provided the proceeds would be held in trust.

The executrix objected to the sale, claiming that the bequest was conditioned upon petitioners' retention and use of the land for scouting purposes and that the attempted sale constituted a renunciation of the gift. The Surrogate rejected this argument and found that the land was unsuited to petitioners' needs. He applied the common-law doctrine of cy pres, allowing conversion of the bequest.

We must first determine whether the will created either a fee on condition with a right of reacquisition or a fee

on limitation with a possibility of reverter (EPTL 6-1.1, 6-4.5, 6-4.6). It is clear that the will does not use any of the phrases required to limit an estate, nor does any intention to limit the estate appear. To create a fee on condition, the grant must use conditional words, such as "upon express condition that" or "upon condition that" or "provided that" (Restatement, Property, § 45; *Fausett v Guisewhite,* 16 AD2d 82, 87). To create a fee on limitation, the estate must be limited in duration by the use of such words as "until" or "while" or "so long as" (Restatement, Property, § 44; *Fausett v Guisewhite, supra;* Glasser, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 6-1.1, p 5). Absent such phrasing, we are unable to find that the testator reserved any rights in himself, his heirs or his assigns. It is not the court's function to find an interest where none was created. Furthermore, a disposition of land for a stated purpose does not impose a limitation on the *nature* of the estate created when the characteristic words are missing and there is no provision for reacquisition. We note in passing that petitioners have manifested no intention to renounce the gift nor have they complied with the mandatory rules for doing so (EPTL 3-3.10, subds [a], [e]).

■ That a will grants a fee simple absolute without any right of reacquisition does not mean that the directions in the will are without effect. It has long been the law of this State that directions limiting the use of absolute gifts to charitable corporations must be followed *(Matter of Scott,* 8 NY2d 419, 425; *St. Joseph's Hosp. v Bennett,* 281 NY 115, 120; *Sherman v Richmond Hose Co. No. 2,* 230 NY 462, 469). The Attorney-General maintains that the directions in the will are so broad that they do not prohibit a sale of the property so long as the proceeds are applied to the maintenance of petitioners' worthy purposes.

■■ We agree. The will does not require the petitioners to use the land in any particular manner. The provision is so broad that the land could be leased out by petitioners with rents going into their general coffers, and still there would be no violation of testamentary intent. Thus, we see no reason to construe the terms of the will as prohibiting sale, with the proceeds to be used for scouting purposes. This construction comports with the rule set down in *Lefkowitz v Cornell Univ.* (35 AD2d 166, affd 28 NY2d 876) that a restriction upon the use of a charitable gift will not be recognized unless it is clearly expressed. Retention and use of the property serves no

useful function except as it benefits the charitable corporations, and in this case petitioners are better served through sale of the property. The charitable bequest is not thereby violated.

 The will also requires a memorial plaque, but it does not seem to require that it be placed on the land. Even if this were the testator's intention, it was not the primary purpose of the charitable provision. It would be illogical to burden petitioners with dysfunctional property in order that a plaque be maintained in decedent's memory. Rather, the plaque should be maintained elsewhere, thus effectuating the testator's wishes.

The order should be affirmed, without costs.

KOREMAN, P. J., KANE, LARKIN and MIKOLL, JJ., concur.

Order affirmed, without costs.