**Lucille ERICKSON and Della Wallman, Plaintiffs, Appellants, and Cross-Appellees,**

**and**

**Edward Ward, Involuntary Plaintiff and Appellee,**

**v.**

**Ernest WARD, individually and as Personal Representative of Marie Ward Estate, Defendant, Appellee, and Cross-Appellant.**

Civ. No. 10611.

Supreme Court of North Dakota.

July 18, 1984.

T.L. Secrest, Hettinger, for plaintiffs, appellants, and cross-appellees Lucille Erickson and Della Wallman.

Lawrence Dopson (argued), of Pearce, Anderson & Durick, Bismarck, for involuntary plaintiff and appellee Edward Ward.

Gary R. Wolberg (argued), of Fleck, Mather, Strutz & Mayer, Bismarck, for de-

fendant, appellee, and cross-appellant Ernest Ward.

VANDE WALLE, Justice.

The plaintiffs, Lucille Erickson and Della Wallman, have filed an appeal from the judgment of the District Court of Bowman County, dated December 5, 1983, quieting title to real property located in Bowman County in Edward and Ernest Ward and decreeing that Lucille and Della have no right, interest, or title in the property. We affirm.

On appeal, we are asked to construe the following provision of Joyce Ward's will:

"I give, devise and bequeath to my wife, Marie Ward, all of the property of which I might die seized and possessed, be the same real, personal or mixed, for her own use, as long as she may live and remain unmarried, with full authority and power to mortgage, sell, exchange or in any manner dispose of the same, as she may see fit, and after the death or remarriage of my wife, Marie Ward, any balance then remaining in my said estate to be equally divided among my children or the children of any deceased child by representation."

After Joyce's death Marie did not remarry, and she died during March 1982. The trial court determined that prior to Marie's death she conveyed the property she had received from Joyce under the will to her sons, Ernest and Edward, by various warranty deeds.

On appeal, Lucille and Della, Joyce and Marie's daughters, assert that although Marie attempted to give the property to Edward and Ernest by warranty deeds she did not have the authority to do so because, under Joyce's will, Marie merely received a life estate with a power of disposal that did not include the right to dispose of the property without adequate consideration.

The court's purpose in construing a will is to ascertain the intention of the testator. *E.g., Hitz v. Estate of Hitz*, 319 N.W.2d 137 (N.D.1982). Where the language of a will is clear and unambiguous the intent of the testator must be determined from the language of the will itself. *Graves v. First National Bank in Grand Forks*, 138 N.W.2d 584 (N.D.1965). The determination of whether or not an ambiguity exists in a will is a question of law for the court to decide. *Quandee v. Skene*, 321 N.W.2d 91 (N.D.1982).

With regard to the issue raised on this appeal, we conclude that Joyce Ward's will is clear and unambiguous. Thus, Joyce's intent must be determined from the language of the will itself, and a discussion of court decisions from other jurisdictions construing similar, but not identical, provisions in wills would be neither appropriate nor helpful.

Joyce's will expressly provided that so long as Marie remained unmarried she could "in any manner dispose of" the property "as she may see fit." Thus, Marie received the property for her life, provided she did not remarry, with an unconditional authority to dispose of it in any manner, including the gifting of the property without consideration. Accordingly, we hold that Marie had the authority to convey the property to her sons without receiving any consideration.

Ernest has filed a cross-appeal from the judgment. Our disposition of the issues involving the interpretation of Joyce's will makes it unnecessary to discuss the issues raised by the cross-appeal.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.