Wilfred SCHATZ, Petitioner
and Appellant,

v.

Elizabeth SCHATZ, Personal Representative of the Estate of Fred S. Schatz, Deceased, Respondent and Appellee.

In the Matter of the ESTATE OF Fred A. SCHATZ, Deceased.

No. 870123.

Supreme Court of North Dakota.

Feb. 25, 1988.

---

Mackoff Kellogg, Kirby & Kloster, Dickinson, for petitioner and appellant; argued by Ward M. Kirby.

Freed, Dynes, Reichert & Buresh, Dickinson, and Reuben J. Bloedau, Mott, for respondent and appellee; appearance by Reuben J. Bloedau; argued by George T. Dynes.

LEVINE, Justice.

Wilfred Schatz, a son and devisee of Fred A. Schatz, deceased, appeals from two county court orders involving the construction of the testator's will. We affirm in part, reverse in part, and remand.

The will provisions pertinent to this appeal are:

"THIRD: I give, devise and bequeath equally unto Richard Schatz and Wilfred Schatz all of my interest in grain bins situated on Section Four (4), Township One Hundred Thirty Five (135) North, Range Ninety-Seven (97) West, Hettinger County, North Dakota, with the right to utilize said bins upon the premises where they are now situated without paying any rent therefor.

"FOURTH: I give, devise and bequeath the following described real property to the persons hereinafter named, subject to a life estate in and to said property in favor of my wife, Elizabeth Schatz, without power of appointment:

.    .    .    .    .

(c) To Dale C. Schatz and Kenneth N. Schatz—Equally, all of my interest in and to Sections Three (3) and Four (4), Township One Hundred Thirty Five (135) North, Range Ninety-Seven (97) West, Hettinger County, North Dakota, including all of my mineral rights in or under said Sections Three (3) and Four (4)."

At a hearing on the petition for determination of testacy, settlement and confirmation of distribution, Wilfred questioned the extent of the testator's ownership interest in the grain bins and the number of bins devised to Richard and Wilfred under paragraph THIRD of the will.

The county court determined that the language of the will was not ambiguous, "... rather it is not logical without a determination of the surrounding facts and circumstances." The findings of fact trace the various purchases of grain bins by a farming partnership that consisted of the testator and his two sons, Richard and Wilfred Schatz. The court found that the partnership no longer existed at the testator's death, and that the testator owned the grain bins "... 100% because of his ownership of the real property upon which they were situated." The court also found that paragraph THIRD devised only the nine grain bins purchased by the partnership, and not the "... grain bins [which] pre-dated the evolution of the partnership." [Findings of Fact, No. 7 (April 14, 1987)].

The county court construed paragraph THIRD to devise to Wilfred and Richard Schatz a life estate in Section 4, Township 135 North, Range 97 West, Hettinger County, North Dakota. The court construed paragraph FOURTH to create a life estate in Elizabeth Schatz in the same Section 4, with a vested remainder in Dale C. Schatz and Kenneth N. Schatz. The court concluded that Elizabeth, Dale and Kenneth's interests conflicted with Richard and Wilfred's life estate, and that because Elizabeth, Dale and Kenneth's interests were

superior, Richard and Wilfred's life estate could never vest and was therefore void as a perpetuity under NDCC § 47–02–27.[1] The trial court thus ordered paragraph THIRD stricken and of no effect.

On appeal, Wilfred[2] argues that the testator intended to give a fee simple absolute interest in sixteen grain bins to his sons Richard and Wilfred, along with an easement of access to the bins and an easement in the land upon which the bins stand.

Those arguments raise two issues, the first relating to the proper construction of paragraphs THIRD and FOURTH(c) and the second addressing the correctness of the finding that paragraph THIRD devises only the nine grain bins bought with partnership funds, rather than all grain bins owned by the testator at his death.

The personal representative argues that the trial court's interpretation of the will is correct. As an alternative position, he contends that Richard and Wilfred take a life estate in nine grain bins, remainder interest in the grain bins to Elizabeth for her life, with a remainder in fee simple absolute to Dale and Kenneth Schatz. Neither side disputes that the grain bins are fixtures.[3]

I.

This court will determine for itself the correct construction of an unambiguous will. *See, e.g., Erickson v. Ward*, 351 N.W.2d 445 (N.D.1984); *Quandee v. Skene*, 321 N.W.2d 91 (N.D.1982). The court's purpose in construing a will is to ascertain the intention of the testator as it appears

1. "The absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition and twenty-one years." NDCC § 47–02–27.

2. Richard Schatz, father of Dale C. and Kenneth N. Schatz, does not join Wilfred's appeal.

3. "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs, or imbedded in it, as in the case of walls, or permanently resting upon

it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws." NDCC § 47–01–05.

"Real or immovable property shall consist of:
1. Land;
2. That which is affixed to land;
3. That which is incidental or appurtenant to land; and
4. That which is immovable by law." NDCC § 47–01–03.

from a full and complete consideration of the will when read in light of the surrounding circumstances. *Hitz v. Estate of Hitz,* 319 N.W.2d 137 (N.D.1982); *see* NDCC § 30.1–09–03. In construing a will, each word, clause and provision should be given effect, if possible. *Quandee v. Skene,* 321 N.W.2d at 95. When the language of a will is clear and unambiguous, the intent of the testator must be determined from the language of the will itself. *Erickson v. Ward,* 351 N.W.2d at 446. The determination of whether or not an ambiguity exists in a will is a question of law for the court to decide. *Id.* A provision in a will is ambiguous when more than one construction or interpretation may be given to the provision and it may be understood in more than one sense. *Quandee v. Skene,* 321 N.W.2d at 95.

We believe that, except for the number of grain bins, the disputed provisions in Fred A. Schatz' will are subject to only one reasonable construction and are, therefore, unambiguous. Thus, with the exception noted, the testator's intention must be determined from the language of the will itself. *Erickson v. Ward, supra.*

■ Where the testator owns land in fee simple absolute, any expression in a will indicating an intent to devise all his interest in the land is a significant indication of an intent to devise a fee simple absolute. 1 Restatement of Property § 37 comment (h) (1936). The trial court's finding that the testator owned the grain bins in fee simple absolute is unchallenged. The testator devised "all of [his] interest in grain bins." We believe this is a "significant indication" of his intent to devise the largest estate in the grain bins that he owned at his death, namely, a fee simple absolute.

Further, the words "give, devise and bequeath," without limitation ordinarily pass a fee simple absolute title to the named devisees. *Holien v. Trydahl,* 134 N.W.2d 851, Syl. 5 (N.D.1965). However, the per-

sonal representative argues that there is a limitation on the devise of the bins which demonstrates an intent to pass less than a fee simple estate. The personal representative points to the phrase "with the right to utilize said bins upon the premises where they are now situated without paying any rent therefor," as a limitation that reflects an intent to pass less than a fee simple absolute title.

We disagree. That phrase does not limit the devise to the length of a person's life. *Cf., Erickson v. Ward,* 351 N.W.2d at 446 (phrases "as long as she may live," and "and after [her] death" limit duration of devise to a person's life). Nor does the phrase contain language indicating a condition or future contingency that would defeat the estate in fee simple absolute, such as a possibility of reverter upon happening of a stated event, or a right of reentry for condition broken. *See* NDCC § 47–04–04;[4] *Estate of Rieger v. Washbon,* 60 A.D.2d 299, 400 N.Y.S.2d 881 (N.Y.App.Div.1977) (creation of a fee on limitation requires words which limit estate's duration, such as "until," "while," or "so long as;" creation of a fee on condition requires conditional words, such as "upon condition that," or "provided that"). *Cf. Rowbotham v. Jackson,* 68 S.D. 566, 5 N.W.2d 36 (1942) (the deed language, "if these restrictions be in any way violated ... then all right and title shall revert to the grantors without process of law," constitutes "reverter" language in the nature of a condition subsequent), *discussed in* Meschke, *Estates in North Dakota,* 30 N.D.L.Rev. 289, 292–93 (1954).

Instead of limiting the fee simple absolute title to the grain bins, the phrase "with the right ..." adds to the devise, at least to the extent that it indicates that the testator intended that Richard and Wilfred have the right to leave the bins where they are without paying for the use of the underlying land. However, the language also indicates an intention that Richard and Wilfred do not take fee simple title to the underlying land.

---

4. "Every estate of inheritance is a fee, and every such estate, when not defeasible or conditional, is a fee simple or an absolute fee." NDCC § 47–04–04.

There is a body of case law holding that the devise of a building to one person, where the building stands on land belonging to another person, includes the land under the building. The majority rule is that, absent a clearly apparent contrary intent, so much land passes to the devisee of the building as is necessary to the use and enjoyment of the building. *See,* Annot., *What passes under, and is included in, devise of "building," "house," or "dwelling house,"* 29 A.L.R.3d 574 (1970). *See, e.g., Mund v. Friedman,* 89 Ill.App.2d 338, 232 N.E.2d 757, 29 A.L.R.3d 560 (1968).

■ In the present case, however, the will states that Richard and Wilfred are to "utilize said bins upon the premises where they are now situated without paying any rent therefor." This language reflects both the testator's recognition of a third party's right to rent for the land underlying the bins, and his intention to eliminate that right by excusing Richard and Wilfred from any rental obligation. Thus, the testator's manifestation of his intention that Richard and Wilfred not take the land underlying the bins removes this case from operation of the majority rule.

We believe Richard and Wilfred's right to leave the bins on property not their own without paying rent for the land under the bins is an easement. An easement is a nonpossessory interest in land belonging to another which entitles the owner of the interest to a limited use or enjoyment of the land in which the interest exists. 5 Restatement of Property § 450 and comments (a) and (b) (1944). Richard and Wilfred's interest in the land under the bins is limited to the use of the land for the purpose of supporting the bins.

We also find an easement of necessity for ingress to and egress the bins along established routes. *See City of Bismarck v. Casey,* 77 N.D. 295, 43 N.W.2d 372 (1950). We thus construe the will to devise to Richard and Wilfred a fee simple absolute interest in the grain bins with an easement in the underlying land and an easement for ingress and egress. Elizabeth Schatz takes a life estate and Kenneth and Dale take a vested remainder in Section 4, both subject to the easements in favor of Richard and Wilfred.

## II.

■ The second issue is whether the trial court clearly erred in finding the number of bins devised in paragraph THIRD to be nine bins. Wilfred does not dispute that the term "grain bins" is ambiguous. He argues that all sixteen bins owned by the testator were intended to be devised in paragraph THIRD.

Where language used in a will is unclear, indefinite and ambiguous, extrinsic evidence is admissible to show what the testator meant by what he said. *Quandee v. Skene,* 321 N.W.2d at 96. An ambiguity resolved by the use of extrinsic evidence is a question of fact for the trier of fact to decide. *Johnson v. Arithson,* 417 N.W.2d 373 (N.D.1987). Our review of a finding of fact is governed by the clearly erroneous rule of Rule 52(a), NDRCivP. A finding of fact is not clearly erroneous "unless it has no support in the evidence or, although there may be some supporting evidence for it, this court is left with a definite and firm conviction that a mistake has been made." *Tom Beuchler Constr., Inc. v. City of Williston,* 413 N.W.2d 336 (N.D.1987).

In finding that the testator meant to devise only nine grain bins when he used the words "grain bins," the trial court considered extrinsic evidence of grain bin purchases during the testator's life. Therefore, we review that finding under the clearly erroneous standard.

The trial court's finding that only nine of the testator's bins were devised under paragraph THIRD has support in the evidence. The testator and his two devisees under paragraph THIRD, in partnership, purchased nine bins. Richard and Wilfred did not participate in the purchase of any other of the testator's grain bins. This court is not left with a definite and firm

conviction that a mistake has been made regarding the number of bins devised under paragraph THIRD. We hold that the trial court's finding is not clearly erroneous.

Accordingly, we affirm the orders insofar as they direct that nine grain bins were to be devised to Wilfred and Richard; we reverse those portions of the orders voiding paragraph THIRD and remand.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.