419 N.W.2d 915 (1988)
In the Matter of the ESTATE OF Donald L. NELSON, Deceased.
Norlin NELSON and Carol Roberts, Appellants,
v.
Ardella HEFTA, Appellee.
Civ. No. 870173.
Supreme Court of North Dakota.
February 26, 1988.
Vinje & Engelman, PC, Mayville, for appellants; argued by Damon Anderson, Grand Forks.
Hamilton, Juntunen & Cilz, Grand Forks, for appellee; argued by Michael Juntunen.
GIERKE, Justice.
Norlin Nelson and Carol Roberts appeal from the judgment and the amended judgment issued by the county court which construed the will of Donald L. Nelson to bequeath the cattle, the feed grain, the Dodge Caravan, the John Deere tractor and a portion of the checking account to Ardella Hefta. We affirm in major part and remand.
Donald L. Nelson, a resident of rural Mayville, North Dakota, died on August 29, 1986. Donald Nelson was a lifelong farmer engaged in grain and cattle farming. Surviving Donald Nelson as heirs at law were: Cora Nelson, his mother, now deceased; Norlin Nelson, his brother; Carol Roberts, his sister; and Ardella Hefta, his sister.
*916 On September 5, 1986, the will of Donald Nelson was admitted to probate and Norlin Nelson was appointed personal representative of the estate. In the administration of the estate, a controversy arose regarding the distribution of several assets of the estate.
On November 10, 1986, a motion was filed by Ardella Hefta requesting the trial court to construe a provision of Donald Nelson's will. The provision in question appears in Article III of the will which reads as follows:
"I give, devise and bequeath all my farm equipment, tools, trucks, machinery and other personal items used in connection with my farm to my sister, Ardella Hefta. And I further, give, devise and bequeath the rest and residue of my estate to Carol Roberts and Norlin Nelson, in equal shares, share and share alike." [Emphasis added.]
The dispute was limited to the cattle,[1] the grain,[2] the Dodge Caravan, the John Deere tractor and the bank accounts.[3] Thus, the trial court was asked to determine which items were used in connection with the farming operation.
A hearing for construction of the will was held on November 19, 1986. On March 11, 1987, a judgment memorandum following motion hearing for construction of will was filed. In the judgment memorandum, the trial court determined that the phrase in question was capable of definition and was not ambiguous. In construing the provisions of the will, the trial court awarded the cattle, the feed grain, the Dodge Caravan, the John Deere tractor and three-fourths of the balance of the checking account at the Goose River Bank to Ardella Hefta. The trial court awarded the remainder of the grain, one-fourth of the balance of the checking account at the Goose River Bank and the revolving funds in the Portland Junction Grain Elevator to the residuary legatees.
On March 20, 1987, the findings of fact, conclusions of law and order for judgment and the judgment were filed. On April 7, 1987, the appellants, pursuant to Rule 52(b) and Rule 59(j) of the North Dakota Rules of Civil Procedure,[4] filed a motion to alter or amend the judgment and amend the findings in accordance with the judgment memorandum which was issued by the trial court following the motion hearing for the construction of the will. The trial court denied the motion to amend the findings and the judgment with one exception.[5] On May 13, 1987, an amended findings of fact, conclusions of law and order for judgment and an amended judgment were filed. This appeal followed.
On appeal the appellants, Norlin Nelson and Carol Roberts, contend that the trial *917 court erred in awarding the cattle, the feed grain, the Dodge Caravan, the John Deere tractor and a portion of the checking account to Ardella Hefta in accordance with the provisions of Article III of the will of Donald Nelson.
The court's purpose in construing a will is to ascertain the intention of the testator. Erickson v. Ward, 351 N.W.2d 445, 446 (N.D.1984); Hitz v. Estate of Hitz, 319 N.W.2d 137, 139 (N.D.1982). Where the language of a will is clear and unambiguous the intent of the testator must be determined from the language of the will itself. Erickson v. Ward, supra; Quandee v. Skene, 321 N.W.2d 91, 95 (N.D.1982).
Whether or not an ambiguity exists is a question of law for the court to decide. Erickson v. Ward, supra; Quandee v. Skene, supra; In re Estate of Johnson, 214 N.W.2d 112, 115 (N.D.1973).
In the instant case, the trial court determined that Article III of the will of Donald Nelson is capable of definition and is not ambiguous. We agree.
We believe that, as a matter of law, Donald Nelson's will is clear and unambiguous. Thus, Nelson's intent must be determined from the language of the will itself.[6]
Appellants argue that since the will was found to be unambiguous reference by the trial court in the judgment memorandum and the accompanying findings of fact and conclusions of law to extrinsic evidence offered at trial was clearly erroneous. We disagree.
In the instant case, the trial court recognized that it cannot reach beyond the usual, conventional meanings of the words used in the will to determine the intent of the testator. Nevertheless, references were made by the trial court to extrinsic evidence offered at trial.
We believe that the trial court referred to extrinsic evidence not to ascertain the intent of Donald Nelson but instead to determine whether or not certain items were used in connection with the farm. We believe it was necessary for the trial court to resort to extrinsic evidence to determine how the items in question were used. Accordingly, we conclude that it was not clearly erroneous for the trial court to refer to extrinsic evidence offered at trial. Next, we must determine whether or not the trial court was clearly erroneous in awarding the cattle, the feed grain, the Dodge Caravan, the John Deere tractor and a portion of the checking account at the Goose River Bank to Ardella Hefta.
In distributing the grain, the trial court found that the 500 bushels of wheat and barley feed, the 150 tons of silage and 120 tons of alfalfa hay were items used in connection with the farm for the cattle operation and accordingly were awarded to Ardella Hefta. In addition, the trial court found that the remainder of the grain were products of the farm produced for sale and not items used in connection with the farm. Accordingly, the remainder of the grain was awarded to the residuary legatees.
We do not believe that the trial court was clearly erroneous in awarding the feed grain to Ardella Hefta and the remainder of the grain to the residuary legatees.
There was testimony at the hearing which indicated that the cattle were used for both breeding and feed lot purposes. The trial court awarded the cattle to Ardella Hefta.
We do not believe the trial court erred in awarding Ardella Hefta the bulls and cows since they are part of the breeding herd and are used in connection with the farm. However, in our view any calves raised for sale should be treated the same *918 as the trial court treated the grain raised for sale. Because the record is unclear as to which of these cattle were used for breeding and which were raised for sale we cannot determine whether or not the trial court erred. Accordingly, we believe the trial court should take additional evidence in this area.
The trial court determined that the Dodge Caravan was used in connection with the farm. Also, the trial court found that the John Deere tractor was not limited to personal lawn mowing but was also used in connection with the farm. Accordingly, the Dodge Caravan and the John Deere tractor were awarded to Ardella Hefta.
After reviewing the evidence, we do not believe that the trial court was clearly erroneous in awarding the Dodge Caravan and the John Deere tractor to Ardella Hefta pursuant to the bequest.
Ordinarily, it would be difficult to uphold a finding that a bank account is a personal item used in connection with a farm. In the instant case, there was testimony at the hearing that the checking account at the Goose River Bank was the only account used for the deposit and expenditure of funds for farming purposes. There was also testimony that at times the account was used for personal expenses. Further, there was testimony from the petitioner, Norlin Nelson, that at least three-fourths of the balance of the account was used for farming purposes. Accordingly, the trial court determined that the account was an item used in connection with the farm and awarded three-fourths of the checking account to Ardella Hefta.
After thoroughly reviewing the record, we are not left with a definite and firm conviction that a mistake has been made and therefore we do not believe that the trial court's determination on the division of the checking account was clearly erroneous.
The trial court is affirmed in all respects except to the extent any cattle raised for sale were determined to be used in connection with the farm. We remand that issue to the trial court for further consideration in accordance with this opinion.
ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.
NOTES
[1] The cattle included the following: an Angus bull, a Charolais bull, 35 Charolais cows and 31 Charolais calves.
[2] The grain included the following: 500 bushels of wheat and barley feed, 150 bushels of clean barley, 35 bushels of clean wheat, 150 tons of corn silage, 120 tons of alfalfa hay, 3400 bushels of wheat, 3800 bushels of barley, 700 bushels of soybeans and 200 bushels of flax.
[3] The bank accounts included the revolving funds in the Portland Junction Grain Elevator and the checking account in the Goose River Bank.
[4] Rule 52(b), N.D.R.Civ.P., provides as follows:

"(b) Amendment. Upon motion of a party made not later than 10 days after notice of entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly...."
Rule 59(j), N.D.R.Civ.P., provides as follows:
"(j) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment must be served not later than 10 days after notice of entry of the judgment."
[5] On April 28, 1987, the court issued the following addendum to the findings of fact, conclusions of law and order for judgment:

"The Court, in its review of the Motion to Amend its findings, orders the addition of the following finding:
"7. The John Deere lawn tractor is an item used in connection with the farm as its use is not limited to personal lawn mowing and shall pass to Mrs. Hefta pursuant to the bequest."
[6] The appellants argue in their brief that this case is appropriate for the application of the doctrine of ejusdem generis which is a rule of construction to aid in ascertaining the meaning of a writing. We believe that the doctrine of ejusdem generis has no application in the instant case where the intent of the testator is manifested by the will itself. See Oxley v. Oxley, 262 N.W.2d 144, 149 (Iowa 1978); In re Syverson's Estate, 239 Iowa 800, 32 N.W.2d 799, 804 (1948).