**Daryl W. JORDAN and Jay Jordan, Petitioners and Appellants,**

v.

**James A. ANDERSON, Personal Representative of the Estate of Thomas Mygland, Deceased, Respondent and Appellee.**

**In the Matter of the ESTATE OF Thomas MYGLAND, Deceased.**

Civ. No. 870284.

Supreme Court of North Dakota.

March 29, 1988.

Kelsch, Kelsch, Ruff & Austin, Mandan, for petitioners and appellants; argued by Thomas F. Kelsch.

McIntee Law Firm, Towner, for respondent and appellee; argued by Michael S. McIntee.

ERICKSTAD, Chief Justice.

The petitioners, Daryl W. and Jay L. Jordan, appeal from a county court order denying their petition for construction of Thomas Mygland's will and a determination of the devisees under that will. We affirm.

On December 4, 1981, Thomas executed a will naming his sister-in-law, Sara Mygland, as the sole devisee of his property. Thomas' will was drafted by a non-attorney and did not include a residuary clause or refer to Sara predeceasing Thomas. Sara was the widow of Thomas' brother, Albert Mygland. Sara and Albert did not have any children, but had two nephews, Daryl and Jay. Thomas was never married and did not have any children, but he had two sisters, Alma C. Anderson and Olga Tjersland. In 1982 Thomas contracted Alzheimer's disease and on December 9, 1982, he was declared incompetent and placed under guardianship.

On February 25, 1983, Sara executed a will devising certain property to Jay, the personal representative of her estate. Her will also provided:

"In the event I inherit real and personal property from Thomas Mygland, I give, devise and bequeath ... [such items] to Daryl W. Jordan."

On February 5, 1986, Sara died without changing or revoking her February 25, 1983 will. On June 6, 1986, Thomas died without changing or revoking his December 4, 1981 will. Thomas' will was admitted to probate, and James A. Anderson, Thomas' nephew, was appointed personal representative of the estate. The petitioners made a written demand for a jury trial and filed a petition for construction of the will and a determination of the devisees, requesting the court to:

"construe the Will of Thomas Mygland consistent with his obvious planned and stated intent and promise which both Da-

ryl Jordan and Sarah relied on, and determine that his devise and bequest of his property to Sarah Mygland did not lapse and that the estate of Sarah Mygland be adjudicated the legal devisee and legatee of the Thomas Mygland estate."

The probate court concluded that Thomas' will clearly and unambiguously devised his property to Sara without reference to Sara predeceasing Thomas and without a residuary clause. The court determined that Sara predeceased Thomas by more than 120 hours and therefore Thomas' devise to her lapsed. The court further found that no contract existed for Thomas to make a will in favor of the petitioners. The court determined that the petitioners did not have standing to demand a jury trial because there were no issues of fact entitling them to a jury trial and thus denied their request to present extraneous evidence to determine Thomas' intent. The court's decision, in effect, permits Thomas' sisters, Alma and Olga, to take his property by intestate succession. The petitioners have appealed.

The petitioners contend that they have "standing" to challenge Thomas' will and demand a jury trial because, at the very least, they have a claim which may be affected by a formal testacy proceeding involving that will and a determination of his heirs. They argue that they are "interested persons" within the meaning of Section 30.1–15–01(1), N.D.C.C. [Uniform Probate Code § 3–401], which provides:

"1. A formal testacy proceeding is litigation to determine whether a decedent left a valid will. *A formal testacy proceeding may be commenced by an interested person* filing a petition as described in subsection 1 of section 30.1–15–02 in which he requests that the court, after notice and hearing, enter an order probating a will, or a petition to set aside an informal probate of a will or to prevent informal probate of a will which is the subject of a pending application, or a petition in accordance with subsection 2 of section 30.1–15–02 for an order that the decedent died intestate." [Emphasis added.]

Section 30.1–01–06(21), N.D.C.C. [U.P.C. § 1–201(20)] defines "interested persons": "Subject to additional definitions contained in the subsequent chapters which are applicable to specific chapters, and unless the context otherwise requires, in this title:

\*    \*    \*    \*    \*    \*

"21. 'Interested person' includes heirs, devisees, children, spouses, creditors, beneficiaries, *and any others having a property right in or claim against a* trust estate or *the estate* of a decedent, ward, or protected person which may be affected by the proceeding. It also includes persons having priority for appointment as personal representative, and other fiduciaries representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding." [Emphasis added.]

■ The emphasized language plainly indicates a broad intent to include as interested persons any "others having a ... claim against ... the estate" of Thomas. That statutory language is broad enough to include these petitioners who, at the very least, have a claim which may be affected by the probate of Thomas' estate, and we therefore conclude that they are "interested persons" within the meaning of those statutes. While these petitioners may have "standing" because they have a claim against Thomas' estate as an "interested person," that claim does not guarantee them a jury trial or that they will prevail on their claim, and further analysis of the nature of their claim is necessary.

■ The purpose of construing a will is to ascertain the testator's intent. *In re Nelson's Estate,* 419 N.W.2d 915 (N.D. 1988); *Schatz v. Schatz,* 419 N.W.2d 903 (N.D.1988). Where the language of a will is clear and unambiguous, the testator's intent must be determined from the language of the will. *Quandee v. Skene,* 321 N.W.2d 91 (N.D.1982); *See* Section 30.1–09–03, N.D.C.C. [U.P.C. § 2–603] ["intention of a testator as expressed in his will

controls the legal effect of his dispositions." ]. A provision in a will is ambiguous when more than one interpretation may be given to the provision and it may be understood in more than one sense. *Schatz v. Schatz, supra; In re Tonneson's Estate,* 136 N.W.2d 823 (N.D.1965). If the language of a will is ambiguous, extrinsic evidence is permissible to remove the ambiguity. *In re Estate of Johnson,* 214 N.W. 2d 112 (N.D.1973). However, extrinsic evidence is admissible " 'only to show what the testator meant by what he said, not to show what he intended to say.' " *McGuire v. Gaffney,* 314 N.W.2d 851, 855 (N.D. 1982).

■ Whether or not an ambiguity exists in a will is a question of law. *In re Estate of Johnson, supra.* This court will determine for itself the correct construction of an unambiguous will. *Schatz v. Schatz, supra.*

Thomas' will provided in its entirety:

"FIRST—It is my will that my funeral expenses and all my just debts be fully paid.

"SECOND—I give, devise, and bequeath to Sarah Mygland the following Certificate of Deposits of the Citizens Bank, Rugby, No. Dak. # 8767; 8677; 8761; 8760; 8768; 8769; 8759; 8766; 8765; 8764; 8763; and 8762. Also the following land; Northwest Quarter and the Southwest quarter of Section 32, Township 158 Range 71. Southeast quarter, Northeast quarter, Northeast quarter, Southeast quarter Lots 1–2 Section 6 Township 157 Range 71; North half, Southeast quarter, Southwest quarter, Southeast quarter, Northeast quarter Southwest quarter of Section 31 Township 158 Range 71; East Half, of Southwest quarter, Southwest half of Southwest quarter of Section 32 and Southeast quarter and Northeast quarter of Southwest quarter of Section 31 Township 158 Range 71. Northwest Quarter Southwest quarter of Section 32 Township 158 Range 71. Southeast quarter, of Section 30 Township 158 Range 71. The Northwest quarter, Southwest quarter of Section 32 Township 158 Range 71. East Half, Northeast quarter of Section 1 Township 157 Range 72. This includes all buildings and personal belongings on the property.

"LASTLY—I hereby nominate and appoint Sarah Mygland to be the executor of this my Last Will and Testament, hereby revoking all former wills by me made."

■ We do not believe that more than one interpretation can be given to the provisions of Thomas' will. Rather, Thomas' will clearly and unambiguously devised certain property to Sara without reference to whether or not Sara would survive Thomas and without a residuary clause. Although Section 30.1–15–04, N.D.C.C. [U.P.C. § 3–404], authorizes a jury trial for "all issues of fact," these petitioners were not entitled to a jury trial because Thomas' will was clear and unambiguous, thereby precluding the use of extrinsic evidence to determine Thomas' intent. Because Thomas' will was clear and unambiguous, we conclude that the lower court correctly determined that the petitioners were not entitled to present extrinsic evidence to determine Thomas' intent, and our analysis turns to the effect of the disposition of property under Thomas' will.

■ Section 30.1–09–01, N.D.C.C. [U.P.C. § 2–601] provides that, with exceptions not relevant to this case, a devisee who does not survive the testator by one-hundred-twenty hours is treated as if she predeceased the testator. It is undisputed that Sara died almost five months before Thomas. While Section 30.1–09–01, N.D. C.C., does not specifically state the effect of a devisee predeceasing the testator, Section 30.1–09–06(1), N.D.C.C. [U.P.C. § 2–606], provides that "[e]xcept as provided in section 30.1–09–05, if a devise other than a residuary devise fails for any reason, it becomes a part of the residue."[1] Those sections, when construed together,

---

1. Section 30.1–09–05, N.D.C.C. [U.P.C. § 2–605], deals with devisees who are grandparents or lineal descendants of grandparents of the testa-tor and is not applicable to this action because Sara was not a lineal descendant of Thomas' grandparents.

indicate that if the devisee predeceases the testator, the devise fails and becomes part of the residue. However, Thomas' will did not include a residuary clause or residuary devise. Thomas' property thus did not pass by his will, and pursuant to Section 30.1–04–01, N.D.C.C. [U.P.C. § 2–101], any property that does not pass by will passes by the law of intestate succession. Section 30.1–04–03(3), N.D.C.C. [U.P.C. § 2–103(3) ], provides that, under the law of intestate succession, if a decedent has no surviving issue or parents, the property goes to the issue of the decedent's parents, which in this case are Olga and Alma.

That statutory scheme thus contemplates that a devisee such as Sara may predecease a testator without a provision in the will for such a contingency. Permitting Sara's estate, rather than Sara, to be the devisee under Thomas' will would be contrary to this statutory scheme and the clear and unambiguous language of Thomas' will. It would also be contrary to the statutory scheme and the language of Thomas' will if we were to hold that Thomas' devise "vested" in Sara when he became testamentarily incapacitated and could no longer change his will. Moreover, a determination that Thomas' will contained a latent ambiguity because it did not deal with the possibility that Sara would predecease Thomas would also contradict the statutory scheme and clear language of the will.

The petitioners contend that Thomas and Sara had entered into a contract to make a will so that Thomas would leave his property to Sara or the petitioners. Section 30.1–09–13, N.D.C.C. [U.P.C. § 2–701], sets out the criteria for a contract to make a will and provides:

"*30.1–09–13 (2–701). Contracts concerning succession.—A* contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after July 1, 1975, can be established only by:

"1. Provisions of a will stating material provisions of the contract;

"2. An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or

"3. A writing signed by the decedent evidencing the contract.

"The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills."

The Editorial Board Comments of the Commissioners of Uniform State Laws makes clear that this section "tighten[s] the methods by which contracts concerning succession may be proved" and that "[o]ral testimony regarding the contract is permitted *if the will makes reference to the contract.*" [Emphasis added.] Thomas' will does not make reference to a contract to make a will and the petitioners did not offer any writing signed by Thomas to evidence such a contract. Rather, the petitioners have offered to present testimony of an oral contract. In the absence of a reference to a contract in Thomas' will, the Editorial Board Comments prohibit such testimony.

The appellee contends that he is entitled to sanctions against the petitioners because this appeal is frivolous. We conclude that the appeal is not frivolous, and we deny the appellee's request.

The county court order is affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.