Filed 10/24/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 190

In the Matter of the Estate of 

Ernest Samuelson, Deceased

Amanda J. West and Robin A. West, Petitioners and Appellees

v.

Opal Myrvik, individually and as

Personal Representative for the

Estate of Ernest Samuelson, and

Alice Sherlock, Ellen Sherlock,

Lowell Veum, Allan E. Veum,

Raymond Veum, Nancy Salwei,

Eugene Ljunggren, Dale Ljunggren,

LeRoy Ljunggren, Clyde Ellingson,

Boyd Ellingson, Joseph J. Charon,

James Charon, Jr., Nancy Steinmann,

Thomas Charon, LaVern Hanson,

and Eileen Wagner, Respondents and Appellants

and

Ronald Samuelson, Respondent

No. 20080075

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Daniel E. Buchanan, Buchanan Law Office, 110 1st St. E., P.O. Box 879, Jamestown, ND 58402-0879, for petitioners and appellees.

John A. Warcup, Letnes, Marshall, Swanson & Warcup, Ltd., 1397 Library Cir., Ste. 202, P.O. Box 12909, Grand Forks, ND 58208-2909, for respondents and appellants.

Estate of Samuelson

No. 20080075

Kapsner, Justice.

[¶1] Opal Myrvik, as personal representative of the estate of Ernest Samuelson, and the Ljunggren family (collateral heirs of Hulda Samuelson), appeal a district court order on a Petition for Adjudication of Intestacy and Determining Heirs.  We conclude intestate succession governs the distribution of the remainder of Ernest Samuelson’s estate, Ernest Samuelson did not effectively exclude Amanda West and Robin West, and Amanda West and Robin West are entitled to the intestate estate.  We affirm the district court order.

I.

[¶2] Harry and Hulda (Ljunggren) Samuelson had one child together, Ernest Samuelson.  Ernest Samuelson was his mother’s only child.  Prior to marrying Hulda Ljunggren, Harry Samuelson and Jane Grant were married.  They had one child, Eleanor Samuelson (later known as Eleanor West); thus, Eleanor West was Ernest Samuelson’s half sister.  The district court noted there is no evidence of communication between Eleanor West and Ernest Samuelson during their lives.

[¶3] Ernest Samuelson executed his Last Will and Testament in 1993.  Paragraph IV stated:  “I give, devise, and bequeath all the rest, residue and remainder of my estate to my mother, Hulda Samuelson.”  Paragraph V provided:  “I have intentionally failed to provide for my half sister, Eleanor West.”

[¶4] Ernest Samuelson died on August 12, 2005.  He never married and did not have children.  His mother, Hulda Samuelson, father, Harry Samuelson, and sister, Eleanor West, all predeceased him.  Eleanor West’s two granddaughters, Amanda West and Robin West, survived Ernest Samuelson.

[¶5] In September 2005, the district court appointed Opal Myrvik as personal representative of Ernest Samuelson’s estate and admitted his will to informal probate.  Amanda West and Robin West filed a Petition for Supervised Administration of the Estate, and in February 2007, the district court issued an Order for Supervised Administration.  In March 2007, Amanda West and Robin West filed a Petition for Adjudication of Intestacy and Determining Heirs, asserting Ernest Samuelson died intestate; therefore, they were entitled to the residuary of Ernest Samuelson’s estate, through intestacy law.  The Ljunggren family responded and resisted the petition, asserting as heirs of Hulda Samuelson, they were entitled to the residuary of the estate through Ernest Samuelson’s will.  Ronald Samuelson, on behalf of his family, the collateral heirs of Harry Samuelson, also resisted the petition.  He asserted intestate succession governed the distribution of the residuary of the estate, and the Samuelson family, as heirs of Harry Samuelson, should receive one-half of the residuary of the estate, and the Ljunggren family, as heirs of Hulda Samuelson, should receive one-

half of the residuary of the estate.

[¶6] The district court conducted a hearing on the petition on June 5, 2007.  During the hearing, Ronald Samuelson, Opal Myrvik, and James Sherlock testified.  No one who was present at the drafting of Ernest Samuelson’s will was called as a witness.  The district court issued a Memoranda Decision and Order on January 22, 2008.  The district court determined paragraph IV of Ernest Samuelson’s will clearly indicated the remainder of his estate was to pass to his mother, Hulda Samuelson.  Hulda Samuelson predeceased Ernest Samuelson, and Ernest Samuelson’s will did not contain a provision governing distribution in the event of the death of his mother.  The district court held Ernest Samuelson’s will did not effectively distribute the residuary of his estate; therefore, intestate succession governed the balance of his estate.  The district court also held paragraph V did not exclude Amanda West and Robin West individually, or as a class; it only excluded Eleanor West.  The district court ordered Amanda West and Robin West were the only descendants of the decedent’s parents; therefore, they inherited the intestate estate of Ernest Samuelson.  The Ljunggren family filed a notice of appeal.

II.

[¶7] On appeal, the Ljunggren family argues Ernest Samuelson’s intent to exclude Eleanor West, as expressed in his will, also precludes Eleanor West’s heirs from inheritance.  Amanda West and Robin West responded, asserting the district court correctly applied the laws of intestacy, and correctly determined Ernest Samuelson’s exclusion of Eleanor West did not exclude Amanda West and Robin West.

[¶8] In paragraph IV of his will, Ernest Samuelson gave the residuary of his estate to his mother, Hulda Samuelson.  However, Hulda Samuelson predeceased him.  Ernest Samuelson did not include a provision in his will governing the event in which his mother predeceased him.  North Dakota has an antilapse statute, which states:

If a devisee who is a grandparent or a lineal descendant of a grandparent of the testator is dead at the time of execution of the will, fails to survive the testator, or is treated as if the devisee predeceased the testator, the issue of the deceased devisee who survive the testator . . . take in place of the deceased devisee[.]

N.D.C.C. § 30.1-09-05.  This statute pertains to Hulda Samuelson because she was a lineal descendent of Ernest Samuelson’s grandparents.  But, according to the statute, only the issue of the deceased devisee may take in place of the deceased devisee, and Hulda Samuelson’s only issue was Ernest Samuelson.  Therefore, the antilapse statute does not apply to the facts of this case, and paragraph IV of Ernest Samuelson’s will did not effectively dispose of the residuary of his estate.  Section 30.1-04-01(1), N.D.C.C., in part, provides:  “Any part of a decedent’s estate not effectively disposed of by will passes by intestate succession to the decedent’s heirs as prescribed in this title[.]”  Intestate succession governs the disposition of the residuary of Ernest Samuelson’s estate.

[¶9] Because Ernest Samuelson did not have a surviving spouse, N.D.C.C. § 30.1-

04-03, governs intestate succession and provides property is to be distributed to persons who survive the decedent in the following order:  “To the decedent’s descendants by representation[;] [i]f there is no surviving descendant, to the decedent’s parents equally if both survive, or to the surviving parent[;] [i]f there is no surviving descendant or parent, to the descendants of the decedent’s parents[.]”  Ernest Samuelson did not have descendants, and he survived both of his parents.  Amanda West and Robin West are descendants of Ernest Samuelson’s father, Harry Samuelson.

[¶10] Because Amanda West and Robin West stand to take Ernest Samuelson’s intestate estate, the issue of whether Ernest Samuelson’s will excluded Amanda West and Robin West from inheriting his intestate estate needs to be resolved.  Paragraph V of Ernest Samuelson’s will states:  “I have intentionally failed to provide for my half sister, Eleanor West.”  This clause is permitted according to North Dakota’s negative will statute, N.D.C.C. § 30.1-04-01.

[¶11] The primary issue in this case pertains to the interpretation of N.D.C.C. § 30.1-

04-01.  Issues regarding the interpretation and application of a statute are questions of law and are fully reviewable on appeal.  
Estate of Conley
, 2008 ND 148, ¶ 15, 753 N.W.2d 384 (citing 
Estate of Allmaras
, 2007 ND 130, ¶ 13, 737 N.W.2d 612).  In its order, the district court analyzed whether paragraph V was ambiguous.  The district court found paragraph V contained an ambiguity as to whether Ernest Samuelson intended to exclude Eleanor West from inheritance under the will, or under the will and  intestate succession.  However, the interpretation of a statute is a question of law.  
Id.
  “Whether or not an ambiguity exists in a will is a question of law.”  
Jordan v. Anderson
, 421 N.W.2d 816, 819 (N.D. 1988) (citing 
In re Estate of Johnson
, 214 N.W.2d 112, 115 (N.D. 1973)).  This Court is not bound by the district court’s determination that paragraph V is ambiguous, simply because Ernest Samuelson did not indicate whether the exclusion of Eleanor West applied to his testate property, or to his intestate and testate property.

[¶12] Section 30.1-04-01(1), N.D.C.C., provides:  “Any part of a decedent’s estate not effectively disposed of by will passes by intestate succession to the decedent’s heirs as prescribed in this title, 
except as modified by the decedent’s will
.”  (Emphasis added).  This statute does not indicate that when a testator excludes an individual in his will, he or she needs to specify whether that exclusion pertains to only testate distribution, or testate and intestate distribution.

[¶13] Section 30.1-04-01, N.D.C.C., closely tracks section 2-101 of the 1990 Uniform Probate Code.  “We interpret uniform laws in a uniform manner, and we may seek guidance from decisions in other states which have interpreted similar provisions in a uniform law.”  
Estate of Conley
, 2008 ND 148, ¶ 15, 753 N.W.2d 384 (quoting 
Estate of Allmaras
, 2007 ND 130, ¶ 13, 737 N.W.2d 612).  Other jurisdictions have adopted section 2-101 of the 1990 Uniform Probate Code.  
See
 
Alaska Stat.
 § 13.12.101; 
Ariz. Rev. Stat.
 § 14-2101; 
Colo. Rev. Stat.
 § 15-11-101; 
Haw. Rev. Stat.
 § 560:2-101; 
Minn. Stat.
 § 524.2-101; 
Mont. Code Ann.
 § 72-2-111; 
N.J. Stat. Ann.
 § 3B:5-2; 
N.M. Stat. Ann.
 § 45-2-101; 
Pa. Stat. Ann.
 tit. 20, § 2101; 
S.D. Codified Laws
 § 29A-2-101; 
Utah Code Ann.
 § 75-2-101; 
W. Va. Code Ann.
 § 42-1-2.  We have not found, and the parties have not brought to our attention, case law discussing whether a testator who excludes an individual by will, needs to specify whether that exclusion applies to only testate distribution, or both testate and intestate distribution.

[¶14] To interpret the statute, we must look to its plain language, with a view to effecting its objects and to promoting justice.  N.D.C.C. §§ 1-02-01, 1-02-02.  Since the statute provides that an expression in the will effectively excludes a taker, it would be burdensome, and contrary to the intent of the statute, to require a testator who wishes to exclude someone as a taker, to specify all the methods by which a person could acquire a testator’s estate.  According to the plain language of N.D.C.C. § 30.1-04-01, we hold when a testator expressly excludes an individual in his will, the individual is excluded from taking under both testate and intestate succession, unless the testator expressly specifies a contrary intention.  Thus, paragraph V of Ernest Samuelson’s will effectively excluded Eleanor West from taking by both testate and intestate succession.

[¶15] The Ljunggren family asserts paragraph V of Ernest Samuelson’s will excluding Eleanor West also excludes the heirs of Eleanor West.  They contend it would be unreasonable to conclude Ernest Samuelson intended his property to be distributed to Amanda West and Robin West, because they were strangers to him.  They argue it can be implied that by excluding Eleanor West, Ernest Samuelson also intended to exclude her heirs, because it can be inferred Ernest Samuelson did not know Eleanor West had heirs.  They assert Ernest Samuelson did not know Amanda West and Robin West existed; therefore, the exclusion of Eleanor West should be a class exclusion of Eleanor West and her heirs.  Amanda West and Robin West assert the exclusion in paragraph V is limited to Eleanor West.  Even assuming an inference could be made from extrinsic evidence that Ernest Samuelson did not know Amanda West and Robin West, such an inference would be irrelevant.  Extrinsic evidence can only be admitted “to show what the testator meant by what he said, not to show what he intended to say.”  
Jordan v. Anderson
, 421 N.W.2d 816, 819 (N.D. 1988) (quoting 
McGuire v. Gaffney
, 314 N.W.2d 851, 855 (N.D. 1982)).

[¶16] Chapter 30.1-04, N.D.C.C., does not specifically define “class,” this Court has never defined “class,” and neither party proffered a definition of “class.”  In 
Luke v. Stevenson
, 2005 SD 51, ¶ 10, 696 N.W.2d 553, the South Dakota Supreme Court analyzed whether the language of a trust provided for individuals, or a class.  The South Dakota Supreme Court noted the language of the trust left doubt as to the settlor’s intent; therefore, it looked to rules of construction.  
Id.
  The South Dakota Supreme Court held:  “One generally recognized rule of construction is that absent an expression of contrary intent, a gift made to persons identified by name and referred to by relationship is a gift to them individually and not as a class.”  
Id.
 (citing Vitiauts M. Gulbis, Annotation, 
Wills:  Gifts To Persons Individually Named But Also Described In Terms Of Relationship To Testator Or Another As Class Gift
, 13 A.L.R. 4th 978 § 2(a) (1982 & Supp. 2004)).  Ernest Samuelson excluded Eleanor West specifically by name and relationship.

[¶17] Section 30.1-04-01(2), N.D.C.C., provides:  “A decedent, by will, may 
expressly exclude
 or limit the right of an individual or class to succeed to property of the decedent passing by intestate succession.”  The plain language of the statute makes it clear that disinheritance of either an individual or a class must be expressed and cannot be implied.  Because Ernest Samuelson did not expressly exclude Eleanor West’s heirs, either individually or by class, this Court cannot infer Ernest Samuelson intended to exclude Eleanor West’s heirs.

[¶18] Additionally, N.D.C.C. § 30.1-04-01(2), states:

A decedent, by will, may expressly exclude or limit the right of an individual . . . to succeed to property of the decedent passing by intestate succession.  If that individual . . . survives the decedent, the share of the decedent’s intestate estate to which that individual . . . would have succeeded passes as if that individual . . . had disclaimed the intestate share.

This statute makes it clear if a decedent excludes an individual’s right to inherit, and the individual survives the decedent, the individual’s heirs are not automatically excluded, because the share passes to the excluded individual’s heirs.  In addition, the official comment to section 2-101 of the 1990 Uniform Probate Code, which contains language similar to N.D.C.C. § 30.1-04-01(2), provides:  “Subsection (b) establishes the consequence of a disinheritance — the share of the decedent’s intestate estate to which the disinherited individual . . . would have succeeded passes as if that individual . . . had disclaimed the intestate share.”  Thus, the residuary of Ernest Samuelson’s estate passes as though Eleanor West disclaimed the intestate share. Section 30.1-10.1-03(4), N.D.C.C., states a “disclaimed interest passes as if the disclaimant had died immediately before the distribution time.”  If Ernest Samuelson had not excluded Eleanor West, and Eleanor West had disclaimed her interest, Amanda West and Robin West would have taken the remainder of Ernest Samuelson’s estate.  N.D.C.C. § 30.1-10.1-03(4).

[¶19] The official comment to section 2-101 of the 1990 Uniform Probate Code provides an example comparable to the issue in this case.  The example provides:  “G died partially intestate.  G is survived by brother [H], [H’s] 3 children (X, Y, and Z), and the child (V), of a deceased sister.  G’s will excluded [H] from sharing in G’s intestate estate.”  The example explains V takes one-half of G’s intestate estate, and X, Y, and Z split one-half.  The comment provides if H would not have been excluded in G’s will, he would have taken one-half of G’s intestate estate.  But, since G excluded H, H’s share, which was one-half of G’s estate, passed to H’s descendants via representation, as though H disclaimed his intestate share.  Similarly, since Ernest Samuelson excluded Eleanor West, the share she would have received had she not been excluded, that being the remainder of Ernest Samuelson’s estate, passes to Eleanor West’s heirs, Amanda West and Robin West.  Therefore, Amanda West and Robin West qualify to take the residuary of Ernest Samuelson’s estate.

[¶20] We have considered the Ljunggren family’s remaining arguments, and we conclude they are without merit.  The district court order, determining the remainder of Ernest Samuelson’s estate is governed by the laws of intestate succession and that Amanda West and Robin West are entitled to the remainder of Ernest Samuelson’s estate, is affirmed.

[¶21] Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.